**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

------------------------------------------- x
|                                           )
PRACTICEWORKS, INC., et al.,                )
                                            )
        Plaintiffs                )   Civil No.:  JFM 02 CV 1205
                                            )
    - against -                          )
                                            )
PROFESSIONAL SOFTWARE SOLUTIONS             )
OF ILLINOIS, INC.,                          )
                                            )
        Defendant.                )
------------------------------------------- x
------------------------------------------- x
                                            )
PRACTICEWORKS, INC., et al.,                )
                                            )
        Plaintiffs                )   Civil No.:  JFM 02 CV 1206
                                            )
    - against -                          )
                                            )
DENTAL MEDICAL AUTOMATION, INC.,            )
                                            )
        Defendant.                )
------------------------------------------- x

**AFFIDAVIT OF HOWARD E. COTTON**

COUNTY OF NEW YORK   )
                          ) ss.:
STATE OF NEW YORK     )

       **HOWARD E. COTTON**, being duly sworn, deposes and says:

       1.    I am a member of the law firm of Katten Muchin Zavis Rosenman ("KMZ Rosenman"), counsel for Plaintiffs PracticeWorks, Inc. ("PracticeWorks") and SoftDent LLC ("SoftDent") (collectively "Plaintiffs"). As such, I am fully familiar with the facts set forth

22184054.01

herein and the exihibits annexed hereto. I submit this affidavit in support of Plaintiffs' Motion to Enforce the the Court's Memorandum Decision, entered as of January 7, 2003 (the "January 7 Decision"), and its Order and Judgment entered as of January 7, 2003 (the January 7 Judgment") against Defendants Professional Software Solutions of Illinois, Inc. ("PSS Illinois") and Dental Medical Automation, Inc. ("DMA") (collectively "Defendants"), entering judgment in favor of Plaintiffs "for reasonable attorney's fees and costs associated with bringing this action and litigating . . . [their] motion [for partial summary judgment and partial judgment on the pleadings]." January 7 Judgment at ¶ 4; see also January 7 Decision at p. 9.

2. As set forth in the accompanying Memorandum, Plaintiffs seek an order adjudging Defendants to reimburse Plaintiffs for attorneys' fees and costs incurred by Plaintiffs in the amount of $620,684.28 in bringing this action and litigating their motion for partial summary judgment and partial judgment on the pleadings, plus additional attorneys' fees and costs in the amount of $91,559.70 incurred by Plaintiffs in defeating Defendants' motion for reconsideration, for a total of $712,243.98.[1]

3. As required under Local Rule 109.2.a, the accompanying Memorandum sets forth: (i) the nature of the above-captioned actions; (ii) the claims as to which Plaintiffs prevailed; (iii) the claims remaining in the case; (iv) a detailed description of the legal services rendered by, KMZ Rosenman, Plaintiffs' national counsel, broken down by the hours expended

---

[1] This amount does not include unbilled but incurred time charges and disbursements for the month of February 2003 in connection with KMZ Rosenman's successful defense of Defendants' motion for reconsideration. KMZ Rosenman's February 2003 bill will be furnished to Defendants for reimbursement at the time said bill is rendered.

22184054.01

and the value of the time incurred by each professional and paraprofessional rendering services to Plaintiffs; (v) a listing of actual, necessary and reasonable out-of-pocket costs incurred by KMZ Rosenman on Plaintiffs' behalf for which reimbursement is sought; (vi) KMZ Rosenman's customary fee for like work and the customary fee for like work prevailing in the New York, Washington, D.C. and Baltimore, Maryland legal markets; and (vii) additional factors required by case law and which KMZ Rosenman wishes to bring to the Court's attention.

4. Plaintiffs do not wish to burden the Court with an overly detailed or lengthy recitation of the conferences, telephone conversations, memoranda, factual investigations, research projects, document accumulation and review, drafting of research memoranda, pleadings, affidavits and legal memoranda that occupied KMZ Rosenman's time and attention during the Relevant Period. Moreover, while KMZ Rosenman's attorneys, law clerks and paraprofessionals maintain daily detailed records of their time concurrent with the rendition of professional services, Plaintiffs do not wish to waive the attorney-client and work-product privileges by disclosing such detailed information to Defendants. Therefore, the description of services rendered on the time records annexed hereto as Exhibits A through L has been redacted and the accompanying Memorandum contains a summary description of the services that KMZ Rosenman rendered on Plaintiffs' behalf. Of course, should the Court wish to review unredacted versions of Plaintiffs' legal bills *in camera*, Plaintiffs will furnish said bills to the Court.

5. Annexed hereto as Exhibit A is a true and correct copy of KMZ Rosenman's Invoice Number 6036853 dated March 28, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during January and February 2002 in the amount of

22184054.01

$85,290.50, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $2,498.05, for a total of $87,788.55.

6. Annexed hereto as Exhibit B is a true and correct copy of KMZ Rosenman's Invoice Number 6040669 dated April 24, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during March 2002 in the amount of $42,510.00, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $8,068.18, for a total of $50,578.18.

7. Annexed hereto as Exhibit C is a true and correct copy of KMZ Rosenman's Invoice Number 6044546 dated May 31, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during April 2002 in the amount of $36,482.00, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $682.43, for a total of $37,164.43.

8. Annexed hereto as Exhibit D is a true and correct copy of KMZ Rosenman's Invoice Number 6047982 dated June 28, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during May 2002 in the amount of $60,041.00, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $4,025.58, for a total of $64,066.58.

9. Annexed hereto as Exhibit E is a true and correct copy of KMZ Rosenman's Invoice Number 6051139 dated July 30, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during June 2002 in the amount of $45,776.50, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $5,808.11, for a total of $51,584.61.

22184054.01

10. Annexed hereto as Exhibit F is a true and correct copy of KMZ Rosenman's Invoice Number 6061228 dated September 30, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during July and August 2002 in the amount of $111,983.00, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $6,021.22, for a total of $118,004.22.

11. Annexed hereto as Exhibit G is a true and correct copy of KMZ Rosenman's Invoice Number 6065471 dated October 31, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during September 2002 in the amount of $84,591.00, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $4,919.20, for a total of $89,510.20.

12. Annexed hereto as Exhibit H is a true and correct copy of KMZ Rosenman's Invoice Number 6069631 dated November 25, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during October 2002 in the amount of $46,592.00, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $1,453.58, for a total of $48,045.58.

13. Annexed hereto as Exhibit I is a true and correct copy of KMZ Rosenman's Invoice Number 6070799 dated December 12, 2002, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during November 2002 in the amount of $18,979.50, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $625.65, for a total of $19,605.15.

14. Annexed hereto as Exhibit J is a true and correct copy of KMZ Rosenman's Invoice Number 6077529 dated January 10, 2003, reflecting time charges for services rendered

by KMZ Rosenman on an hourly basis during December 2002 in the amount of $50,307.50, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $4,029.28, for a total of $54,336.78.

15.     Annexed hereto as Exhibit K is a true and correct copy of KMZ Rosenman's Invoice Number 1300000573 dated February 28, 2003, reflecting time charges for services rendered by KMZ Rosenman on an hourly basis during January 2003 in the amount of $88,629.50, plus actual, necessary and reasonable out-of-pocket expenses incurred on Plaintiffs' behalf in the amount of $2,930.20, for a total of $91,559.70.

16.     Annexed hereto as Exhibit L is a true and correct copy of "A Firm By Firm Sampling of Billing Rates Nationwide," published in the *The National Law Journal*, December 2002.

**WHEREFORE**, for the foregoing reasons, and those set forth in the accompanying Memorandum, it is respectfully requested that Defendants be adjudged to reimburse Plaintiffs in the amount of $620,684.28 in bringing this action and litigating their motion for partial summary judgment and partial judgment on the pleadings, plus additional attorneys' fees and costs in the amount of $91,559.70 incurred by Plaintiffs in successfully defending against Defendants' motion for reconsideration, for a total of $712,243.98.

                                                /s/ Howard E. Cotton
                                                HOWARD E. COTTON

Sworn to before me this
25th day of March, 2003

/s/ Michael S. Gordon
      Notary Public

22184054.01