IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PRACTICEWORKS, INC., et al | ) | |
| | ) | Civil Action No. |
| Plaintiffs/Counter-Defendants, | ) | CCB02CV1205 |
| | ) | |
| v. | ) | |
| | ) | |
| PROFESSIONAL SOFTWARE SOLUTIONS OF ILLINOIS, INC., | ) ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | DEMAND FOR JURY TRIAL |
| | ) | |

| | | |
|---|---|---|
| PRACTICEWORKS, INC., et al | ) | |
| | ) | Civil Action No. |
| Plaintiffs/Counter-Defendants, | ) | CCB02CV1206 |
| | ) | |
| v. | ) | |
| | ) | |
| DENTAL MEDICAL AUTOMATIONS, INC. | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | DEMAND FOR JURY TRIAL |

### AFFIDAVIT OF MARK E. WIEMELT

I, Mark E. Wiemelt, being first duly sworn upon oath, do hereby depose and state:

1. I am an individual residing in Illinois and Defendants' counsel in the above captioned action, and I make this Affidavit in support of Defendants' Joint Opposition to Plaintiffs/Counter-Defendants' Motion for Attorneys Fees and Costs. I have personal

knowledge of the matters set forth herein, and those matters for which I do not have personal knowledge, I believe them to be as stated.

2. After numerous requests by Defendants for documentation supporting Plaintiffs' outrageously excessive request for attorneys fees and costs in the amount of $620,684.28, Plaintiffs reluctantly provided Defendants with copies of billing records which had been redacted to the extent that they are nearly useless for purposes of establishing the suitability and reasonableness of the requested fees and costs.

3. Notwithstanding the absence of well-documented claims or any credible justification for the outrageously excessive demand for fees and costs and directly contrary to Plaintiffs' clam that it is Defendants' "intransigent refusal to afford any value to the legal services rendered to Plaintiff" that precipitated the continuing fee dispute, Defendants offered to settle all of the remaining issues in both of the cases, including the payment of a net sum to Plaintiffs of $50,000.00 (inclusive of attorneys fees and costs), a waiver of Defendants' appellate rights, and dismissal with prejudice of Defendants' Counterclaims, including Defendants claims for compensatory damages, attorneys fees and costs, provided that Plaintiffs drop their harassing position regarding whether Defendants can continue to provide support and services to customers.

4. In the fall of 2000, I exchanged correspondence with Attorney Richard M. Barnes, of the Baltimore firm of Goodell, DeVries, Leech & Dan, LLP, regarding the same breaches of contract under the Agreement which form a part of Defendants' remaining Counterclaims.

5. Attached hereto is a true and accurate copy of a webpage I downloaded on April 20, 2003 from Goodell, DeVries, Leech & Dan, LLP's website . According to the

Goodell, DeVries, Leech & Dan, LLP website, DENTSPLY International Inc., Plaintiffs predecessor-in-interest with respect to the Agreements at issues, is represented by Mr. Barnes nationally.

6. According to the Goodell, DeVries, Leech & Dan, LLP website, as counsel for DENTSPLY, Mr. Barnes' representation apparently includes defending claims brought by licensees and advising about commercial disputes with independent value added resellers such as Defendants.

7. On behalf of Defendants, I found and retained Ober, Kaler in these matters after the Complaints were filed with little difficulty.

8. Ober, Kaler has billed Defendants no more than the hourly rate of $265.00 for partner John Murphy.

9. Upon information and belief, Plaintiffs began taking steps to terminate all 23 of their dealerships in 2001 and were involved in at least five arbitrations disputes with dealerships other than the Defendants before or during the same time period as these pending cases.

10. The parties were engaged primarily is discovery relating in large part to the remaining Counterclaims during this time period.

11. Much of the discovery related to damages with respect to the remaining Counterclaims, including the sales of Products by the parties and third parties.

12. The majority of the documents exchanged by the parties during discovery relate to sales of Products, including invoices, documentation of sales calls and leads, and the like.

13.     During the pendency of these suits, I have been able to use unlimited Lexis research for the flat rate of $120.00 per month.

14.     Upon information and belief, Professional Software Solutions, NE, an entity which is unrelated to Defendants, had a dispute with Plaintiffs arising out of a Dealership agreement which is similar to the Agreements at issue.

Further Affiant sayeth naught.

_____
Mark E. Wiemelt

Subscribed and sworn to
before me this 21st day
of April, 2003.

_____
Notary Public

"OFFICIAL SEAL"
STANLEY D. SCHWARTZ
Notary Public, State of Illinois
My Commission Expires 06/14/03

My commission expires on _____.