*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MARYLAND*

| | | |
|---|---|---|
| PRACTICEWORKS, INC., et al., | ) | |
| | ) | Civil Action No. |
|    Plaintiffs/Counter-Defendants, | ) | JFM 02 CV 1205 |
| | ) | |
|             v. | ) | |
| | ) | |
| PROFESSIONAL SOFTWARE SOLUTIONS | ) | |
| OF ILLINOIS, INC., | ) | |
| | ) | |
|    Defendant/Counter-Plaintiff. | ) | |

_____

| | | |
|---|---|---|
| PRACTICEWORKS, INC., et al., | ) | |
| | ) | Civil Action No. |
|    Plaintiffs/Counter-Defendants, | ) | JFM 02 CV 1206 |
| | ) | |
|             v. | ) | |
| | ) | |
| DENTAL MEDICAL AUTOMATION, INC., | ) | |
| | ) | |
|    Defendant/Counter-Plaintiff. | ) | |

**DEFENDANTS' JOINT SUR-REPLY IN OPPOSITION TO PLAINTIFFS'**
**PETITION FOR ATTORNEYS FEES**


LAW OFFICES OF MARK E. WIEMELT, P.C.
10 S. LaSalle St., Ste. 3500
Chicago, Illinois 60603

OBER, KALER, GRIMES & SHRIVER
120 E. Baltimore Street
Baltimore, MD 21202-1643

Counsel for Defendants/Counter-Plaintiffs
Dental Medical Automation, Inc. and Professional Software Solutions, of Illinois, Inc.

1

**I.      Introduction**

Defendants hereby submit this Surreply to address new factual and legal matters which were asserted for the first time in Plaintiffs' Reply Memorandum.

**II.     Newly Submitted Claim for Additional Fees and Costs**

In an affidavit in support of Plaintiffs' Reply, Plaintiffs have submitted an additional claim for attorneys' fees and costs for the month of February in the amount of $67,113.91, without sufficiently detailed support.  As in their original motion, Plaintiffs have failed to exercise any sort of billing judgment in their additional claim, which is nothing more than the total amount of time allegedly expended by each attorney only on prevailing issues in these matters multiplied by exorbitant billing rates.  Plaintiffs' continued failure and refusal to provide reasonable, carefully calculated, and conscientiously measured claims fails to meet their burden of proving that their originally requested or their newly requested fees and costs are reasonable.  As set forth in Defendants' Joint Opposition to Plaintiffs/Counter-Defendants' Motion for Attorneys' Fees and Costs, this Court has the discretion to deny the outrageously excessive attorneys fee petition, or at the very least reduce the amount of attorneys fees to an amount that this Court deems reasonable.

Plaintiffs again submitted the unreasonably redacted records under the guise of an unwillingness to burden the Court and unwillingness to disclose detailed information allegedly containing attorney-client and work-product privilege, and thereby prevent the Court and Defendants from testing the accuracy of the submissions.

Furthermore, the newly submitted time and expenses were allegedly incurred on matters for which Plaintiffs have not prevailed.  For example, the attorneys fees and costs

were allegedly incurred on matters such as "the exchange of significant correspondence with Defendants and the Court, as well as research relating to, Defendants' non-compliance with the Court's January 7 Decision and Judgment, opposing Defendants' unsuccessful motion for reconsideration of said Decision and Judgment." (Cotton Reply Aff., ¶4). As set for in Defendants' Joint Opposition to Plaintiffs/Counter-Defendants' Motion for Attorneys' Fees and Costs, Plaintiffs' claim that such fees and expenses were incurred "defeating Defendants' motion for reconsideration" grossly mischaracterizes and distorts the record, and is also outrageously excessive. (Joint Opposition, p 15).

In addition, a review of the very broad summaries provide by Plaintiffs in Mr. Cotton's newly submitted Affidavit reveals numerous instances of inappropriate billing practices. For example, Plaintiffs' summaries vaguely claim indeterminate time spent on "conferences with Mssrs. Dennis Stockwell and Al Fiore." The Court and Defendants are again left to speculate when the unspecified conferences were held, how long they lasted, and why they should be considered reasonable, necessary and related only to the instant matters, rather than issues for which Plaintiffs have not prevailed against Defendants, including other of Plaintiffs' disputes or Plaintiffs' business affairs in general.

Furthermore, Plaintiffs method of vaguely claiming indeterminate time spent researching "myriad federal procedural rules implicated by Defendants' non-compliance" and "researching various issues implicated by Defendants' non-compliance" is not sufficiently detailed to permit the Court or the Defendants to make an independent determination of whether or not the hours claimed are justified.

Notably lacking in these cases is the Court's ability to determine from Plaintiffs' very broad summaries whether Plaintiffs' counsel engaged in inappropriate duplicative billing or other inefficient billing practices related to these additional billings. For example, the Court cannot determine whether the use of 4 attorneys in the month of February was reasonable and necessary or duplicative and inefficient.

Moreover, even the redacted summaries appear to demonstrate unnecessary, unreasonable and inappropriate expenses in the amount of $1,776.91 for things such as local travel, meals, long-distance travel, faxes, and long-distance calls without any explanation or means of determining their appropriateness.

For both the originally submitted request for attorneys' fees and costs and the newly submitted requests, Plaintiffs have not met their evidentiary and procedural burden of proving the reasonableness of their attorneys' fees. Plaintiffs' entire argument and proof of the reasonableness of their attorneys' fees stems from their self-serving analysis and mischaracterization of the results achieved and an inadmissible comparison of KMZ Rosenman to allegedly similarly situated firms. However, these two criteria alone cannot sustain their burden of showing the reasonableness of their attorneys' fees.

Plaintiffs also repeatedly state that their billing records are protected by the attorney-client privilege and/or work product but are available for in camera review. However, Plaintiffs have the burden of showing that the records are protected and have not made such a showing.

In further support of their continued failure and refusal to submit unredacted billing records to Defendants, Plaintiffs claim that the litigation is not over and therefore it is improper to turn over unredacted billing records at this time. If this concern is

legitimate, it appears that the review, hearing and decision on the attorneys' fees and costs matter should be deferred until all of the other issues in the cases, including the Counterclaims have been resolved, at which time Plaintiffs risks of prejudice will be obviated.

Plaintiffs also foray into the world of settlement negotiations. Curiously, Plaintiffs attack Defendants' settlement offer even though Plaintiffs refuse to make a counter-offer. Plaintiffs' discussion of negotiations is nothing more an attempt to divert this Court's attention from their failure to make a showing of the reasonableness of their attorneys' fees.

For the reason set forth above, Defendants respectfully request that this Court exercise its discretion and deny Plaintiffs' request for additional attorneys' fees and costs because their documentation is vague, inadequate, and not sufficiently detailed to permit the Court to make an independent determination whether or not the hours and costs claimed are justified.

**III.    Plaintiffs Fail to Meet Their Burden of Reasonableness of Fees and Costs, Whether by Contract, Statute, or Otherwise**

Despite Plaintiffs' puffery, Plaintiffs have not demonstrated the reasonableness of their attorneys' fees. Instead, Plaintiffs have taken the approach that they are not procedurally required to make a showing that their attorneys' fees are reasonable. In doing so, Plaintiffs ask this Court to adopt KMZ Rosenman's rule of law that all fees and costs allegedly billed are per se reasonable and recoverable, without a meaningful review by the Court or a realistic opportunity for Defendant to challenge those fees and expenses. Plaintiffs fly in the face of abundant case law demonstrating that an award of

attorneys' fees, whether by contract, statute, or otherwise, must be **reasonable** and must be shown by the movant with reasonable certainty so as not to deprive the non-movant of due process. Plaintiffs also fly in the face of this Court's order which states that the attorneys' fees and costs must be reasonable.

According to Plaintiff, the Court and Defendants are to essentially adopt Plaintiffs' self-serving statements that the bills submitted are reasonable, without affording a meaningful review by the Court or a realistic opportunity for Defendant to challenge those fees and expenses.

Furthermore, Plaintiffs misinterpret their procedural and evidentiary burden of proving the reasonableness of requested attorneys' fees and costs under a contractual provision. Plaintiffs' state that "Defendants ignore two key facts: (i) that they are contractually obligated to pay said fees and costs under the dealership agreements at issue in these matters (the "Agreements"); and (ii) that judgment already has been entered requiring them to do so." (Plaintiffs' Reply, p. 2). Plaintiffs also accusingly state: "Defendants' improper attempt to conflate their contractual obligation into said statutory scheme flies in the face of the plain language of the Agreements and constitutes a further breach thereof." (Reply p. 8). Plaintiffs also characterize Defendants' cited case law as a "zealous reliance upon the stringent documentation requirements set forth in attorneys' fees cases arising under various federal statutes." Id.

Defendants feel compelled to once again clarify a point for Plaintiffs; namely, the Agreements and the Court's order award "reasonable attorneys' fees." (Agreements §17, Court's Jan. 7, 2003 opinion p. 9). Contrary to Plaintiffs' assertions, they are not entitled to all attorneys' fees and costs allegedly billed, without a meaningful review by the Court

6

or a realistic opportunity for Defendant to challenge those fees and expenses. Moreover, the Fourth Circuit and Maryland state case law is clear that it is movant's evidentiary and procedural burden of demonstrating reasonable attorneys' fees and costs. *The Maxima Corp. v. 6933 Arlington Development Limited Partnership*, 100 Md. App. 441, 641 A.2d 977 (Md. Ct. Spec. App. 1994), *Majestic Distilling Co., Inc. v. Stanley Stawski Distributing Co.*, 2000 U.S. App. LEXIS 2884 (4th Cir. Feb. 28, 2002).

Plaintiffs erroneously attempt to distinguish the case law cited in Defendants' Joint Opposition for being directed only to a "statutory scheme" and cite purported law in support of their position. Plaintiffs are misguided because Defendants' cases are cited for the proposition of what constitutes reasonable attorneys' fees and further for what the movant needs to show in order to meet their burden of a showing of reasonable attorneys' fees.[1] Plaintiffs have taken the approach that they are not required to make any evidentiary or procedural showing that their attorneys' fees are reasonable because the case law cited by Defendants either involves a decision outside the Fourth Circuit or involves a "statutory scheme" for awarding reasonable attorneys' fees. Plaintiffs cite *Sullivan v. Easco Corporation*, 662 F. Supp. 1396, 1404 (D. Md. 1987) for the proposition that "some documentation" is enough to show reasonable attorneys fees in Maryland. Unfortunately, in that same decision the District Court noted that, "[n]o detailed procedure for determining such fee has been outlined by the Maryland courts." *Id.*

---

[1] Plaintiffs challenge Defendants' case law for being applicable only to statutory cases. However, the Local Rules state that the Court shall consider "any additional factors required by the case law." Local Rule 109.2b. For example, Defendants' case law in the Response and Surreply clearly demonstrates that billing judgment must be exercised in determining the reasonable attorneys' fees and costs. Plaintiffs have yet to demonstrate any billing judgment.

7

However, subsequent to the *Sullivan* decision, at least one Maryland court outlined the procedure for proving reasonable attorneys' fees in a contract case, and that procedure was cited favorably by a Fourth Circuit opinion. *Majestic Distilling Co., Inc. v. Stanley Stawski Distributing Co.*, 2000 U.S. App. LEXIS 2884 (4th Cir. Feb. 28, 2002) (unpublished) (attorneys' fees awarded under collateral litigation exception) ("*Majestic*"), *citing The Maxima Corp. v. 6933 Arlington Development Limited Partnership*, 100 Md. App. 441, 641 A.2d 977 (Md. Ct. Spec. App. 1994) ("*Maxima*"). *Majestic* is a 4th Circuit case involving a non-contractual award of attorneys fees. In support, *Majestic* cites *Maxima*, a post-*Sullivan* Court of Special Appeals of Maryland case involving an award of attorneys' fees pursuant to a contractual obligation. *Maxima*, 641 A.2d at 982. In *Maxima*, the court at length details the stringent evidentiary and procedural obligation a movant has to show the reasonableness of attorneys' fees requested pursuant to a contractual obligation:

> In circumstances in which attorneys' fees are awarded based on a contractual right, the losing party is "entitled to have the amount of fees and expenses proven with the certainty and under the standards ordinarily applicable for proof of contractual damages." *Bankers and Shippers Ins. Co. v. Electro Enter., Inc.*, 287 Md. 641, 661, 415 A.2d 278 (1980). In Bankers, the Court of Appeals reversed the trial court's award of only 30 percent of the total attorneys' fees sought. The Court remarked that
>> the informal hearing conducted by the trial court neither required any real proof of the amount of the fees and expenses claimed nor provided Bankers with a realistic opportunity to challenge those fees and expenses. . . . Instead, the parties merely submitted, prior to the hearing, informal fee and expense petitions and made short, oral representations at the hearing of the amounts claimed. On remand, there should be a proper trial regarding the damages incurred. . . .
>
> *Id.* at 661-62.
>
> Other jurisdictions have delineated the detail required and the quantum of information that the prevailing party must provide. The overwhelming authority holds that (a) **the party seeking the fees, whether for**

8

> **him/herself or on behalf of a client, always bears the burden of presenting evidence sufficient for a trial court to render a judgment as to their reasonableness**; (b) an appropriate fee is always reasonable charges for the services rendered; (c) **a fee is not justified by a mere compilation of hours multiplied by fixed hourly rates or bills issued to the client**; (d) a request for fees must specify the services performed, by whom they were performed, the time expended thereon, and the hourly rates charged; (e) **it is incumbent upon the party seeking recovery to present detailed records that contain the relevant facts and computations undergirding the computation of charges**; (f) **without such records, the reasonableness, *vel non*, of the fees can be determined only by conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence**. *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 518 N.E.2d 424, 427-28, 115 Ill. Dec. 899 (Ill. App. Ct. 1987) (collecting Illinois case law for the foregoing propositions). Accord *Kinsey v. Preeson*, 764 P.2d 542, 552 (Col. 1987) (trial court's findings regarding award of attorneys' fees were insufficient where determination of reasonableness was based on an affidavit submitted after trial and no opportunity was provided to challenge the affidavit); *Sperber v. Penn Cent. Corp.*, 150 A.D.2d 356, 540 N.Y.S.2d 877, 878 (N.Y. App. Div. 1989) (absent evidence regarding specifics as to the time and labor required, the record was insufficient to determine reasonable attorneys' fees); *see also Bosch Die Casting, Co. v. Lunt Mfg. Co.*, 236 Ill. App. 3d 18, 603 N.E.2d 546, 552-53, 177 Ill. Dec. 476 (Ill. App. Ct. 1992).
>
> Once presented with these facts, the trial court must still evaluate the reasonableness of the fees. Again, the burden is on the party seeking recovery to provide the evidence necessary for the fact finder to evaluate the reasonableness of the fees.

*Id.* at 982-83 (emphasis added).

Based on this outlined procedure, regardless of whether the basis for recovery of attorneys' fees and costs is statutory or non-statutory, Plaintiffs must prove reasonable attorneys' fees and costs "with the certainty and under the standards ordinarily applicable for proof of contractual damages." *Id.* at 982.

Rather than proving reasonable attorneys' fees and costs "with the certainty and under the standards ordinarily applicable for proof of contractual damages" Plaintiffs selectively and deceptively read out the term "reasonable" and wish to prove reasonable

attorneys' fees and costs by merely submitting their redacted billing records and self-serving statements, without affording a meaningful review by the Court or a realistic opportunity for Defendant to challenge those fees and expenses.

In support of their attempt to avoid proving reasonable attorneys' fee and costs, Plaintiffs claim that "Defendants ignore and thus do not dispute the applicability of *Reistertown Plaza Associates v. General Nutrition Center, Inc.*, 89 Md. App. 232, 247, 597 A.2d 1049, 1056-57 (Md. Ct. Spec. App. 1991)." (Reply p. 8). Defendants do not dispute that *Reistertown* elicits factors to be considered when determining an award of reasonable attorneys' fees. However, as *Maxima* points out, the *Reistertown* factors must be examined only after the movant prevents "evidence necessary for the fact finder to evaluate the reasonableness of the fees." *Maxima*, 641 A.2d at 983. For clarity's sake, Maxima stated: "it is incumbent upon the party seeking recovery to present **detailed records** that contain the relevant facts and computations undergirding the computation of charges; (f) without such records, the reasonableness, *vel non*, of the fees can be determined only by conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence." *Id.* at 982 (emphasis added). Plaintiffs wish to ignore their obligation and place Defendants and the Court in the precarious position of having to make a determination of a reasonable attorneys' fees award by mere conjecture and without having access to any billing records.

According to Plaintiffs, not one penny has been spent on issues regarding Defendants' Counterclaims, although the Affidavit of Mr. Cotton in support thereof specifically identifies only some of Defendants' discovery requests and deceptively omits the others. (*See* Joint Opposition §II.A.2, Cotton Aff., ¶9). However, Defendants again

note that the parties have engaged in discovery relating in large part to the remaining Counterclaims. (Joint Opposition, Aff. of Mark E. Wiemelt ¶10). Much of the discovery related to damages with respect to the remaining Counterclaims, including the sales of Products by the parties and third parties. (Joint Opposition, Aff. of Mark E. Wiemelt ¶11). Indeed, the vast majority of the documents exchanged by the parties relate to sales of Products, including invoices, documentation of sales calls and leads, and the like. (Joint Opposition, Aff. of Mark E. Wiemelt ¶12).

Accordingly, Plaintiffs have proven no entitlement to attorneys' fees and costs.

## IV. Plaintiffs' Have Not Met Their Burden of Showing Their Billing Records Are Protected By The Attorney-Client Privilege Or Work-Product Doctrine

"A finding that information in attorneys' bills is within the attorney-client privilege is the exception and not the general rule." *Maxima*, 641 A.2d at 984-85. Plaintiffs have repeatedly stated that their billing records are protected by the attorney-client privilege and/or work product privilege. However, Plaintiffs have the burden of showing that the records are protected from disclosure to Defendants and have yet to make such a showing. As stated in *Maxima*, "[a]ttorneys' bills are generally not protected by the attorney-client privilege; and to the extent that portions of a bill might have been privileged" a blanket assertion is inadequate. 641 A.2d at 983. Moreover, the burden of establishing the privilege is on the party asserting the privilege. *Id.* at 984.

"In addition, regardless of the privilege, the party seeking reasonable attorneys' fees provided by **contract** bears the ultimate burden of providing sufficient evidence to prove its damages." *Id.* at 984 (emphasis added). "The attorney-client privilege may prevent disclosure of portions of a fee schedule; it does not, however, absolve the

11

recovering party from its burden of proving damages." *Id.* The court in Maxima continued:

> To be sure, a finding that information in attorneys' bills is within the attorney-client privilege is the exception and not the general rule. The fact that a motion was prepared or research was completed on an issue in a motion that was obviously already filed is a mere description of the work and is not privileged. It is only the rare instances, for example, where a description would hinder the parties' active litigation that it should be redacted in camera. We are mindful that it is the client who seeks reimbursement for fees he or she owes, making the onus of disclosing one's "private" bills very reasonable.

Id. at 984-85.

Plaintiffs have yet to establish their burden of the attorney-client privilege. In support of their continued failure and refusal to submit unredacted billing records to Defendants, Plaintiffs cite to *Chaundhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999), a case involving a motion to compel billing records for purpose of showing fraud. However, Plaintiffs selectively omit the court's statement that, "[t]ypically, the attorney-client privilege does not extend to billing records and expense reports." *Id.* at 402. Defendants do not attempt to contradict the statements that the attorney-client privilege protects confidential information regarding legal advice. However, Defendants do take issue with Plaintiffs' blanket assertion of the attorney-client privilege without asserting in detail the basis for the assertion. For example, billing records that contain references to Court hearings, telephone conferences with opposing counsel, and correspondence with opposing counsel are all obviously not subject to any privilege, yet they are indiscriminately redacted by Plaintiffs.

**V.    In Light of Plaintiffs' Claim That Their Billing Records Are Protected By The Attorney-Client Privilege Or Work-Product Doctrine, the Review, Hearing and Decision on the Attorneys' Fees and Costs Should Be Deferred**

In further support of their continued failure and refusal to submit unredacted billing records to Defendants, Plaintiffs claim that the litigation is not over and therefore it is improper to turn over unredacted billing records at this time. If this concern is legitimate, it appears that the review, hearing and decision on the attorneys' fees and costs matter should be deferred until all of the other issues in the cases, including the Counterclaims have been resolved, at which time Plaintiffs risks of prejudice will be obviated. If Plaintiffs then continue to fail and refuse to meet their evidentiary and procedural burden of proving reasonable attorneys' fees and costs, then this Court has within its discretion to deny Plaintiffs' petition entirely. *See* Joint Opposition §II; see also *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980).

A deferral will also allow any award to Plaintiffs' for attorneys' fees and costs to be offset by Defendants' award of compensatory damages, attorneys' fees, costs and punitive damages on the Counterclaims.

**VI.    Plaintiffs Citation to the National Law Journal Survey to Prove the Reasonableness of Their Billing Rates is Inadmissible Hearsay**

In light of Plaintiffs' statements that Defendants offer no case law in support of their inadmissibility argument (Reply p. 23), Defendants would like to point the Court and Plaintiffs to *Shepherd v. American Broadcasting Companies, Inc.*, 862 F.Supp. 505, 508 (D.D.C. 1994). In *Shepherd*, the inadmissibility of a published fee survey like the *National Law Journal* Survey cited in Plaintiffs petition was reaffirmed. The Court followed the holding in *Brown v. Pro Football*, 846 F. Supp. 108, 115 (D.D.C. 1994) that fee surveys in publications like the *National Law Journal* are inadmissible hearsay which lacks a proper foundation. The Court stated that, "[t]he court is not yet convinced that

13

published fee surveys reliably reflect rates actually billed and not rates that surveyed lawyers have artificially inflated for the *Legal Times* audience." Moreover, Plaintiffs' citation to cases in their Reply should be disregarded because in each case, the *National Law Journal* Survey was apparently not contested, and further this Court is under no obligation to consider evidence in the instant litigation that was admitted in prior litigation. For these reasons, Plaintiffs have offered no evidence showing the reasonableness of their billing rates, and their petition should be denied for failing to meet their evidentiary and procedural burden.

## VI.     Conclusion

Given Plaintiffs' failure to meet their procedural and evidentiary burden, Defendants asks this Court to exercise its discretion and deny Plaintiffs' fee petition entirely, or at the very least reduce the amount of attorneys fees to an amount that this Court deems reasonable. If Plaintiffs are concerned that the billing records contain privileged communications protected by the work-product doctrine, the review, hearing and decision on the attorneys' fees and costs matter should be deferred until all of the other issues in the cases, including the Counterclaims have been resolved, at which time Plaintiffs risks of prejudice will be obviated.

June 10, 2003                                  Respectfully Submitted,

                                               DENTAL MEDICAL AUTOMATION, INC. and
                                               PROFESSIONAL SOFTWARE SOLUTIONS, OF
                                               ILLINOIS, INC.

                                               By:  /s/ Mark E. Wiemelt
                                                       Mark E. Wiemelt

LAW OFFICES OF MARK E. WIEMELT, P.C.
10 S. LaSalle St., Ste. 3500
Chicago, Illinois 60603

OBER, KALER, GRIMES & SHRIVER
120 E. Baltimore Street
Baltimore, MD 21202-1643