June 24, 2003

**MICHAEL S. GORDON**
michael.gordon@kmzr.com
212.940.6666   212.894.5966 fax

**By Electronic Filing**

Honorable J. Frederick Motz
United States District Judge
District of Maryland
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland  21201

Re:     (1)     PracticeWorks, Inc., et al. v. Professional Software
                Solutions of  Illinois, Inc., Civil No. JFM-02-1205

        (2)     Practice Works, Inc., et al. v. Dental Medical
                Automation, Inc., Civil No. JFM-02-1206

Dear Judge Motz:

    We represent Plaintiffs PracticeWorks, Inc. and SoftDent, LLC ("Plaintiffs") in the above-referenced matters.

    When Defendants electronically filed their Motion for Leave to File a Joint Sur-Reply on June 10, the e-file notice provided that Plaintiffs had until Friday, June 27, 2003 to oppose Defendants' application.  So as to avoid burdening the Court with correspondence opposing Defendants' belated and improper application, Plaintiffs intended to file their opposition to Defendants' Joint Sur-Reply on or before June 27.

    On June 23, 2003, the Court, in a paperless Order, granted Defendants' application for leave to file a Joint Sur-Reply.  On that day, I telephoned chambers for direction, stating that Plaintiffs had intended to submit their opposition to Defendants' motion on or before June 27, pursuant to the e-file deadline.  I spoke with Mary Ellen, who suggested that I send the instant letter along with the papers Plaintiffs intended to submit for the Court's consideration.

    Accordingly, Plaintiffs respectfully submit herewith their Memorandum in Response to Defendants' Joint Sur-Reply in Opposition to Plaintiffs' Motion to Enforce the Court's Decision and Judgment Against Defendants for Attorneys' Fees and Costs as well as the accompanying Affidavit of Michael S. Gordon in Response to Defendants' Joint Sur-Reply, sworn to June 24, 2003.

    As amplified in the accompanying Memorandum, contrary to Defendants' contentions, ***no*** new legal arguments were raised in Plaintiffs' reply papers in further support of their Motion

Honorable J. Frederick Motz
June 24, 2003
Page 2

to Enforce and the only factual matters that remotely could be deemed "new" are Plaintiffs' submissions concerning the attorneys' fees and costs incurred by them in February 2003 in successfully defeating Defendants' motion to reconsider the Court's January 7 Decision and Judgement. Indeed, a review of Defendants' Joint Sur-Reply reveals that fees and costs incurred by Plaintiffs in February 2003 are addressed only on pages 2 through 5 thereof and the remaining 11½ pages of Defendants' memorandum is devoted to sur-replying improperly to Plaintiffs' Reply Memorandum. Thus, Defendants' Joint Sur-Reply, submitted under the guise of responding to "new factual and legal matters," is improper on its face. In any event, as demonstrated in the accompanying Memorandum, Defendants' arguments as to the vagueness and insufficiency of Plaintiffs' copiously documented fee application do not withstand scrutiny.

For all the foregoing reasons, Plaintiffs respectfully request that the Court consider Plaintiffs' Response to Defendants' Joint Sur-Reply.

Respectfully submitted,

/s/  Michael S. Gordon

Michael S. Gordon

MSG:jpb

cc:    Howard E. Cotton (Plaintiffs' counsel)
       Mark E. Wiemelt, Esq. (Defendants' counsel)
       John M.G. Murphy, Esq. (Defendants' counsel)

22187016.01