# LAW OFFICES OF MARK E. WIEMELT, P.C.

TEN SOUTH LASALLE STREET
SUITE 3500
CHICAGO, IL 60603
(312) 372-7664
FAX: (312) 372-6568
E-MAIL: mwiemelt@poweruser.com

MARK E. WIEMELT*

PATENT, TRADEMARK, COPYRIGHT,
TRADE SECRETS, UNFAIR COMPETITION,
INTERNET/E-COMMERCE LAW AND
RELATED CONTRACT, LICENSING
AND LITIGATION MATTERS

* REGISTERED PATENT ATTORNEY

Tuesday, March 11, 2003

VIA FACSIMILE

The Honorable J. Frederick Motz
United States District Court
District of Maryland
101 W. Lombard Street
Baltimore, MD 21202

Re:   PracticeWorks, Inc. et al v. Professional Software Solutions of Illinois, Inc.,
      Civil No. JFM 02-CV-1205
      PracticeWorks, Inc. et al v. Dental Medical Automation, Inc.,
      Civil No. JFM 02-CV-1206

Dear Judge Motz:

We represent Defendants in the above-referenced matters and, pursuant to the Court's request, write this letter to apprise the Court of the status of the above-referenced matters. Since the parties were unable to agree to the content of a joint status letter, it is my understanding that Plaintiffs will also be submitting a status letter.

As the Court may recall, by Memorandum Decision and Order dated January 7, 2003, the Court granted summary judgment on all three of Plaintiffs' causes of action, including their Third Count for attorneys' fees, and dismissed seven of Defendants' nine counterclaims (i.e., Counterclaims One through Five, Eight and Nine). Presently, all that remains in the above-referenced actions are Defendants' two counterclaims (not included in Plaintiffs' motions) for breach of contract (the Sixth Counterclaim) and breach of the implied duty of good faith and fair dealing (the Seventh Counterclaim).

With respect to the Court's entry of judgment in Plaintiffs' favor on their Third Count for attorneys' fees, pursuant to the Court's suggestion, the parties have attempted to resolve this issue without involving the Court. Unfortunately, the parties have been unable to reach agreement on this matter and thus, Plaintiffs intend to perfect their recently-filed "Motion to Enforce the Court's Order and Judgment Against Defendants For Attorneys' Fees and Costs" pursuant to Local Rule 109.2.a. The parties have agreed that Plaintiffs

will file the additional submissions required under the Local Rule on or before March 25, 2003.

Additionally, in the interests of litigation efficiency, the parties have agreed to defer pre-trial discovery and depositions regarding Defendants' remaining two counterclaims pending the disposition of Plaintiffs' Motion to Enforce with respect to attorneys' fees.

Finally, as discussed during the telephone hearing on February 21, while quoting the Plaintiffs and clarifying your Memorandum Decision and Order dated January 7, 2003, you held that "'the defendants may continue to provide technical support and service to their former and existing customers even after the agreements have been terminated', provided, ... that the relevant materials were returned and not used." (Trans. p. 11). You continued by noting that Plaintiffs "said in their motion that they did not dispute that the defendants could continue to provide technical support and service, provided that they didn't improperly use plaintiffs' materials." (Trans. p. 12) Thereafter, it was agreed that Defendants would deliver "all the materials that have ever been given them by the plaintiffs, with the exception of the software that they've purchased" to Defendants' counsel's office. (Trans. p.14). Further to said requirement, Plaintiffs are compiling a list of any and all materials regarding the Products which have been furnished to Defendants during the term of the Agreements and within the next few days will transmit a letter to Defendants' counsel detailing the same. In addition, the parties will attempt to reach an agreement regarding whether defendants are improperly using materials provided by plaintiffs to continue to provide support and service. If the parties cannot reach an agreement, you indicated that "if there are issues that materials are being improperly used" you are "perfectly willing to entertain that in the proper context." (Trans. p. 12). Accordingly, the parties will file appropriate motions, if necessary.

The parties will continue to keep the Court apprised of the status of the above-referenced matters.

Sincerely,

Mark E. Wiemelt

MW

cc:   Howard E. Cotton (Plaintiffs' counsel)(via facsimile)
      Michael Gordon (Plaintiffs' counsel) (via facsimile)