

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 office   212.940.8776 fax

March 11, 2003

MICHAEL S. GORDON
michael.gordon@kmzr.com
212.940.6666   212.894.5966 fax

**By Facsimile**

Honorable J. Frederick Motz
United States District Judge
District of Maryland
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

Re:   (1)   PracticeWorks, Inc., et al. v. Professional Software
            Solutions of Illinois, Inc., Civil No. JFM-02-1205

      (2)   Practice Works, Inc., et al. v. Dental Medical
            Automation, Inc., Civil No. JFM-02-1206

Dear Judge Motz:

We represent Plaintiffs PracticeWorks, Inc. and SoftDent, LLC ("Plaintiffs") and, pursuant to the Court's request, write this letter to apprise the Court of the status of the above-referenced matters. We are in receipt of a letter dated March 11, 2003 from Mark Wiemelt, counsel for Defendants Professional Software Solutions of Illinois, Inc. and Dental Medical Automation, Inc. ("Defendants"). Mr. Wiemelt states that the parties were unable to agree to the content of a joint status letter. To clarify, the parties were unable to agree as to the content of the penultimate paragraph of said letter.

In fact Plaintiffs are in agreement with Defendants' description of the Court's January 7 Memorandum Decision and Order in the second paragraph of Mr. Wiemelt's letter; the status of discussions and Plaintiffs' intent to perfect their Motion to Enforce with respect to attorneys' fees by March 25, as described in the third paragraph of Mr. Wiemelt's letter; and the deferral of discovery and depositions concerning Defendants' remaining counterclaims, as described in the fourth paragraph of Mr. Wiemelt's letter.

Plaintiffs do disagree, however, with Defendants' quotation of the transcript of the Court's February 21 hearing, which quotations have been taken out of context, and, in fact, are misleading. During the February 21 hearing, the Court heard oral argument and then denied Defendants' motion to reconsider, alter, amend and/or stay enforcement of the January 7 Memorandum Decision and Order described in Mr. Wiemelt's March 11 letter. As the transcript makes clear, in addition to denying Defendants' motions, the Court clarified its dismissal of the Eighth Counterclaim to the limited extent of holding that Defendants could provide technical support and service pertaining to the software at issue "provided, of course, . . . that relevant

Honorable J. Frederick Motz
March 11, 2003
Page 2



materials were returned and not used." (Trans. at p. 11). The Court's holding was consistent with its finding in its January 7 Decision that Defendants were required "'to immediately return [to the plaintiffs] any and all materials regarding the Products in any form whatsoever,'" as required in the Agreements. (Decision at p. 9, *quoting* Section 13.3 of the Agreements). As discussed during the hearing, further to said requirement, Plaintiffs are compiling a list of any and all materials regarding the Products which have been furnished to Defendants during the term of the Agreements and within the next few days will transmit a letter to Defendants' counsel detailing the same. It also was agreed during the hearing that Defendants would deliver all such materials to their counsel, who would confirm to Plaintiffs' counsel his receipt and sole custody of these materials. (Trans. at p. 14). Finally, the Court stated that "if there are issues that . . . materials are being used improperly, that they should be returned or that software is being used improperly," then Plaintiffs could seek enforcement remedies. (Id. at p. 12)

The parties will continue to keep the Court apprised of the status of the above-referenced matters.

Respectfully submitted,

*Michael Gordon*

Michael S. Gordon

MSG:jpb

cc:  Howard E. Cotton (Plaintiffs' counsel)
     Mark E. Wiemelt, Esq. (Defendants' counsel) (via facsimile)
     John M.G. Murphy, Esq. (Defendants' counsel) (via facsimile)

22183577.03