IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PRACTICEWORKS, INC., ) | |
| 1765 The Exchange ) | |
| Atlanta, Georgia 30339, ) | |
| ) | |
| and ) | |
| ) | |
| SOFTDENT, LLC, ) | |
| 311 International Circle, ) | |
| Hunt Valley, Maryland 21030, ) | |
| Baltimore County, ) | |
| ) | Civil Action No. |
| Plaintiffs/Counter-Defendants, ) | CCB02CV1205 |
| ) | |
| v. ) | |
| ) | |
| PROFESSIONAL SOFTWARE SOLUTIONS OF ) | |
| ILLINOIS, INC., ) | |
| 5155 West 111th Street, ) | |
| Alsip, IL 60803, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | **DEMAND FOR JURY TRIAL** |

<u>**COUNTER-PLAINTIFF'S MOTION FOR LEAVE TO FILE**</u>

<u>**FIRST AMENDED COUNTERCLAIMS**</u>

NOW COMES the Counter-Plaintiff Professional Software Solutions of Illinois, Inc., (hereinafter "PSSI"), by and through its attorney, John M.G. Murphy, of Ober, Kaler, Grimes & Shriver, and Mark E. Wiemelt, of the Law Offices of Mark E. Wiemelt, P.C., and hereby moves pursuant to Fed. R. Civ. P. 15(a) for the Court to grant leave to file amended Counterclaims:

- 1 -

**I. Background**

1. Defendant/Counter-Plaintiff filed its original Answer, Affirmative Defenses and Counterclaims on May 15, 2002.

2. Defendant/Counter-Plaintiff filed a Motion for Leave to File First Amended Counterclaims on June 10, 2003.

3. Pursuant to the Stipulation between the parties which was filed on July 21, 2003 and granted by the Court on July 25, 2003, Defendant/Counter-Plaintiff withdrew the June 10, 2003 Motion for Leave to File Amended Counterclaims on July 21, 2003 and is hereby filing this Motion, including the Answer, Affirmative Defenses and First Amended Counterclaims which is attached hereto as Exhibit A and which is identical to the Answer, Affirmative Defenses and First Amended Counterclaims filed on June 10, 2003, and Defendant/Counter-Plaintiff is also filing as Exhibit B a red-lined copy of the Answer, Affirmative Defenses and First Amended Counterclaims in compliance with Local Rule 106.3.c.

4. Defendant/Counter-Plaintiff seeks leave to file the Answer, Affirmative Defenses and First Amended Counterclaims merging the Seventh Counterclaim with the Sixth Counterclaim, substituting new Counterclaim Seven for Declaratory relief regarding Counter-Defendants' ability to provide technical support and service of Counter-Defendants Products to customers pending this litigation or after termination of the Agreement by Counter-Defendant, and adding the Tenth and Eleventh Counterclaims for Tortious Interference with Contract and Tortious Interference with Prospective Economic Advantage, respectively.

5. In December of 2002, pending resolution of Plaintiffs/Counter-Defendants' Motions for Partial Summary Judgment, the parties entered into a "standstill agreement" staying discovery and prosecution of the Counter-claims.  (See Reply Memorandum In

Further Support of Plaintiffs' Motion to Enforce The Court's Decision and Judgment Against Defendants For Attorneys' Fees and Costs, pgs. 13 & 20).

  6. The Court entered a Decision and Judgment on January 7, 2003.

  7. Since January 7, 2003, there has arisen a justiciable controversy between the parties concerning Counter-Plaintiffs' ability to provide technical support and service of Counter-Defendants' Products to customers pending this litigation or after termination of the Agreement by Counter-Defendant.  (See Reply Memo., pg. 20, Wiemelt Affidavit attached hereto as Exhibit B).

  8. The parties have agreed to defer further discovery activities concerning the Counter-claims pending global settlement negotiations and resolution of a pending fee petition.  (See Reply Memo., pg. 2).

  9. Despite the standstill agreement and subsequent agreement to stay discovery and prosecution of the Counter-claims pending global settlement negotiations and resolution of a pending fee petition, Plaintiffs/Counter-Defendants now grossly distort and mischaracterize Defendants/Counter-Plaintiff's compliance with the agreements as Defendant/Counter-Plaintiffs' "failure to press these counterclaims in the nearly five months since the Court's issuance of the January 7 Decision and Judgment…." .  (See Reply Memo., pg. 22).

  10. Since the January 7 Decision and Judgment, and perhaps even before, Counter-Defendants have expressly asserted to third parties, including customers of Counter-Plaintiff, that Counter-Plaintiff cannot continue to provide technical support and service of Counter-Defendants' Products to customers.

  11. Counter-Defendants have also contacted customers of Counter-Plaintiff knowing that they were under contract with Counter-Plaintiff and recommended that said customers cease using Counter-Plaintiff's technical support and service under the terms of the existing contracts, demand a partial refund of the contract price for said technical

support and service, thereby breaching said contracts, and enter into contracts with Counter-Defendants for technical support and service.

12. As such, Counter-Defendants knew of and have purposely, intentionally, maliciously and without legal justification tortiously interfered with Counter-Plaintiff's contracts and prospective economic advantage.

13. Defendant/Counter-Plaintiff seeks to merge the Sixth and Seventh Counterclaims in light of Plaintiffs/Counter-Defendants argument that the implied covenant of good faith and fair dealing is not an independent cause of action under Maryland law.

## II.  Plaintiff Should be Granted Leave to File the First Amended Counterclaims

Fed. R. Civ. P. 15(a) provides that courts should freely allow pleading amendments "in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *King v. Cooke*, 26 F.3d 720, 723 (7th1:16 Cir. 1994). Such leave shall be freely given when justice so requires. *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). Whether there is undue delay or undue prejudice, and ultimately whether to grant or deny the leave to amend, is within the district court's discretion. *Id*.

There will be no undue prejudice to the Plaintiffs/Counter-Defendants by Defendants-Counter-Plaintiff amending the Counterclaims. Indeed, Plaintiff/Counter-Defendant suggests that the merger of the Sixth and Seventh Counterclaims was necessary and no new matter is introduced to the case by this merger. (See Reply Memo., pg. 21) Under *Maryland National Bank v. Robert H. Traenkle*, et al., 933 F. Supp. 1280, 1288 (D.Md. 1996), an amended counterclaim alleging breach of contract, duty of good faith and fair dealing is appropriate.

Also, there will be no undue delay by Defendant/Counter-Plaintiff amending the Counterclaims. The conduct giving rise to the new Counterclaim Seven for Declaratory relief regarding Counter-Plaintiff's ability to provide technical support and service of Counter-Defendants' Products to customers pending this litigation or after termination of the Agreement by Counter-Defendant, and the Tenth and Eleventh Counterclaims for Tortious Interference with Contract and Tortious Interference with prospective Economic Advantage, respectively, apparently arose after the January 7, 2003 Decision and Judgment. Moreover, the parties had agreed to stay discovery and prosecution of the Counter-claims since December of 2002.

Plaintiffs/Counter-Defendants' distortion and mischaracterization of Defendants/Counter-Plaintiff's compliance with the agreements as Defendant/Counter-Plaintiffs' "failure to press these counterclaims in the nearly five months since the Court's issuance of the January 7 Decision and Judgment…." and their tortious interference necessitates the amended Counterclaims and prosecution of same at this time.

### III.  Conclusion

For the foregoing reasons, Plaintiff's the Answer, Affirmative Defenses and First Amended Counterclaims should be granted.

Dated: July 28, 2003

>  Respectfully submitted,
>
>  PROFESSIONAL SOFTWARE
>
>  SOLUTIONS OF ILLINOIS, INC.
>
>
>  By:  /s/  Mark E. Wiemelt
>         Mark E. Wiemelt

- 6 -

<u>Lead Counsel (Pro Hac Vice):</u>
Mark E. Wiemelt (06208213)
LAW OFFICES OF MARK E. WIEMELT, P.C.
10 S. LaSalle St., Ste. 3500
Chicago, Illinois  60603
(312) 372-7664

<u>Local Counsel:</u>
John M.G. Murphy
Ober, Kaler, Grimes & Shriver
120 E. Baltimore Street
Baltimore, MD 21202-1643
(410) 347-7334