

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 office   212.940.8776 fax

November 19, 2003

**MICHAEL S. GORDON**
michael.gordon@kmzr.com
212.940.6666   212.894.5966 fax

**By Electronic Filing**

Honorable J. Frederick Motz
United States District Judge
District of Maryland
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland  21201

Re:  (1)   PracticeWorks, Inc., et al. v. Professional Software
           Solutions of Illinois, Inc., Civil No. JFM-02-1205

     (2)   Practice Works, Inc., et al. v. Dental Medical
           Automation, Inc., Civil No. JFM-02-1206

Dear Judge Motz:

    We represent Plaintiffs PracticeWorks, Inc. and SoftDent, LLC ("Plaintiffs") in the above-referenced matters and write with respect to the "Answer, Affirmative Defenses and First Amended Counterclaims" electronically filed by Defendants Professional Software Solutions of Illinois, Inc. and Dental Medical Automation, Inc. ("Defendants") on November 14, 2003.

    As reflected in the accompanying letters jointly submitted to the Court by counsel for both parties this past July and September, pursuant to Local Rule 103.6.d and in the interests of case management and litigation efficiency, the parties discussed specific claims which they sought to add to their respective pleadings.  Based on their specific disclosure of proposed amended claims, the parties consented to each other's proposed amended pleading, reserving all rights to challenge the other's amended pleading and further reserving all rights to make any dispositive motion as to said amended pleadings.  As set forth herein, the proposed amended pleading accompanying Defendants' motion for leave to file amended counterclaims—and upon which Plaintiffs relied in consenting to Defendants' filing of an amended pleading—contained *three* new counterclaims.  Similarly, Plaintiffs disclosed to Defendants three proposed amended claims and, consistent therewith, Plaintiffs electronically filed on October 21, 2003 a First Amended Complaint that contained these three additional claims.  However, on Friday, November 14, Defendants filed an amended answer and counterclaims which—in addition to the three previously disclosed amended counterclaims—also contained *five new counterclaims* to which Plaintiffs never consented, that dramatically broaden the scope of this litigation and are completely anathema to the letter and spirit of the parties' Stipulation, which was So Ordered by the Court.

Chicago    New York    Los Angeles    Washington, DC    Charlotte    Palo Alto    Newark    www.kmzr.com
*A Law Partnership including Professional Corporations*

22191668.01

Honorable J. Frederick Motz
November 19, 2003
Page 2



As the Court may recall, in January of this year, it held, as a matter of law, that the two software dealership agreements between the parties properly were terminated and non-renewed on reasonable notice, which termination and non-renewal became effective as of December 31, 2002. In doing so, the Court granted judgment in Plaintiffs' favor on all three of their causes of action, including their Third Count for attorneys' fees, and dismissed seven of Defendants' nine counterclaims which sought the inverse relief of that sought by Plaintiffs. Thereafter, in February 2003, the Court denied Defendants' motion to reconsider, alter, amend and/or stay enforcement of the Decision and Judgment with respect to the termination and non-renewal of the dealership agreements. However, the Court clarified its dismissal of Defendants' Eighth Counterclaim to the limited extent of holding that Defendants could provide technical support and service pertaining to the Software "provided, of course, . . . that relevant materials were returned [to Plaintiffs] and not used." (Feb. 21, 2003 Trans. at p. 11). Following the Court's determinations, all that remained in the above-referenced actions were Defendants' two counterclaims (not included in Plaintiffs' motions) for breach of contract and breach of the implied duty of good faith and fair dealing.

At the Court's direction, the parties attempted to reach a settlement with respect to Defendants' adjudged obligation to reimburse Plaintiffs for their attorneys' fees and costs, as well as with respect to Defendants' remaining two counterclaims, but were unable to reach agreement on these issues.

As borne out by the accompanying letters to the Court *jointly submitted by the parties*, in late July, Defendants filed a motion for leave to file amended counterclaims (which motion initially had been filed in June, but was withdrawn due to non-compliance with Local Rule 103.6). In the proposed amended counterclaims accompanying Defendants' motion for leave to file, Defendants withdrew their counterclaim for breach of the implied duty of good faith and fair dealing (presumably, because such claim is not recognized under Maryland law) and, in addition to their existing breach of contract counterclaim, sought to assert three additional counterclaims for: (i) declaratory relief regarding Defendants' ability to provide technical support and service; (ii) tortious interference with contract; and (iii) tortious interference with prospective economic advantage. At or about this time, Plaintiffs notified Defendants of Plaintiffs' intention to seek leave to file an amended complaint containing three additional claims for: (i) breach of contract; (ii) copyright infringement; and (iii) declaratory relief regarding Defendants' inability to provide technical support and service through the use of Plaintiffs' Software.

In August 2003, the parties met and conferred pursuant to Local Rule 103.6.d, which provides in relevant part, that "[b]efore filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel." So as to obviate unnecessary motion practice and to narrow the remaining issues in the case, the parties consented to each other's filing an amended pleading, while reserving all rights to challenge the other's amended pleading and further reserving all rights to make any dispositive motion as to said amended pleadings. As reflected in the accompanying joint letters to the Court dated July 21 and September 18, 2003, in reaching this agreement, Defendants had disclosed to Plaintiffs an intention to interpose the aforementioned three amended counterclaims for declaratory relief and

22191668.01

Honorable J. Frederick Motz
November 19, 2003
Page 3



tortious interference and, in consenting to Defendants' proposed amendment, Plaintiffs specifically relied on Defendants' disclosure. The Court So-Ordered the parties' Stipulation in paperless Orders dated October 23, 2003.

On October 21, Plaintiffs electronically filed their First Amended Complaint, which, consistent with the parties' prior discussions, contained three additional claims for (i) breach of contract, (ii) copyright infringement and (iii) declaratory relief regarding Defendants' inability to provide technical support and service through the use of Plaintiffs' Software.

On November 14, Defendants electronically filed their First Amended Counterclaims. In addition to the three previously disclosed counterclaims for declaratory relief (Counterclaim VII) and tortious interference (Counterclaims X and XI), Defendants also purported to assert *five new counterclaims*, four of which never had been referenced in the parties' 103.6.d discussions and one of which previously had been withdrawn. Indeed, Defendants First Amended Counterclaims included three new counterclaims sounding in antitrust and unfair trade practices, *e.g.*, for "Violation of the Illinois Deceptive Trade Practices Act, Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Unfair Competition and Trade Disparagement" (Counterclaim V); "Federal Unfair Competition for False and/or Misleading Representations" (Counterclaim VIII); "Antitrust (Sherman Act, 15 U.S.C. § 1 et. seq.)" (Counterclaim XIII); a new counterclaim for an accounting (Counterclaim XII); and a revival of the previously withdrawn counterclaim for breach of the implied duty of good faith and fair dealing (Counterclaim VI) (collectively the "New Counterclaims"). As previously stated, these New Counterclaims dramatically broaden the scope of this litigation and are contrary to the letter and spirit the parties' discussions pursuant to Local Rule 103.6.d, as memorialized in the accompanying joint letters to the Court.

In an effort to resolve these issues expeditiously and to avoid the need for judicial intervention, I contacted Defendants' counsel, Mark Wiemelt, by telephone on Monday, November 17. I was informed that Mr. Wiemelt was on his honeymoon through November 26, but was checking his voicemail. Accordingly, I left voicemail messages for Mr. Wiemelt on Monday and Tuesday evenings, disclosing in the latter message that Defendants' First Amended Counterclaims, filed on November 14, was markedly inconsistent with the proposed amended pleading that accompanied Defendants' Motion for Leave to File this past summer and which was the basis for Plaintiffs' consent, under Local Rule 103.6.d, to Defendants' filing amended counterclaims. I further told Mr. Wiemelt in my voicemail message that absent Defendants' withdrawal of their First Amended Counterclaims, as presently filed, Plaintiffs would have no choice but to seek the Court's intervention. While Plaintiffs do not wish to inconvenience Mr. Wiemelt on his honeymoon and have attempted to reach out to his office in his absence, Plaintiffs felt that this matter was far too important to defer raising with the Court until late November.

22191668.01

Honorable J. Frederick Motz  
November 19, 2003  
Page 4



      Accordingly, based on the foregoing, it is respectfully requested that Defendants be required to withdraw their First Amended Counterclaims and to file an amended pleading consistent with their prior disclosures to Plaintiffs and the Court, as reflected in the accompanying joint letters to the Court.

                                    Respectfully submitted,

                                    /s/  Michael S. Gordon

                                    Michael S. Gordon

MSG:dmp  
Enclosures

cc:     Howard E. Cotton (Plaintiffs' counsel)  
        Mark E. Wiemelt, Esq. (Defendants' counsel)  
        John M.G. Murphy, Esq. (Defendants' counsel)

22191668.01