## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
                                              )
PRACTICEWORKS, INC., et al.,                  )
                                              )
                            Plaintiffs        )    Civil No.:  JFM 02 CV 1205
                                              )
         - against -                          )
                                              )
PROFESSIONAL SOFTWARE SOLUTIONS               )
OF ILLINOIS, INC.,                            )
                                              )
                            Defendant.        )
                                              )
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS' REPLY TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS

NOW COMES Plaintiffs PracticeWorks, Inc. ("PracticeWorks") and SoftDent, LLC ("SoftDent") (collectively "Plaintiffs"), by and through their attorneys, Katten Muchin Zavis Rosenman, and reply to the First Amended Counterclaims of Defendant Professional Software Solutions of Illinois, Inc. ("Defendant") (the "Amended Counterclaims") as follows:

## NATURE OF THE ACTION

1.    Admit the averments contained in paragraph 1 of the Amended Counterclaims.

2.    Deny the averments contained in paragraph 2 of the Amended Counterclaims, except that on or about January 1, 1993, PracticeWorks' predecessor-in-interest, Professional Software Solutions, Inc., a Maryland corporation ("PSS Md."), entered into a Dealer/Resellers Agreement (the "Agreement") with Defendant providing for, *inter alia*, Defendant's exclusive right to re-sell or distribute dental management software known as the "SoftDent Dental Management System" (the "Software") in specified zip code ranges located in and around

Illinois, a copy of which Agreement is attached to the complaint in this action (the "Complaint") as Exhibit A.

3.    Deny the averments contained in paragraph 3 of the Amended Counterclaims except that on April 8, 2002, Plaintiff SoftDent transmitted to Defendant a written notice that the Agreement was terminated, effective as of December 31, 2002, and would not be renewed for the calendar year commencing January 1, 2003, a copy of which notice is attached to the Complaint as Exhibit B.

4.    Deny the averments contained in paragraph 4 of the Amended Counterclaims except that Defendant has objected to and disagreed with Plaintiff SoftDent's written notice to Defendant by letter dated April 8, 2002 that, the Agreement is terminated, effective as of December 31, 2002, and will not be renewed for the calendar year commencing January 1, 2003.

5.    Admit that Defendant seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, but deny that Defendant is entitled to such relief and further deny the remaining averments contained in paragraph 5 of the Amended Counterclaims.

6.    Admit that Defendant seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, but deny that Defendant is entitled to such relief and further deny the remaining averments contained in paragraph 6 of the Amended Counterclaims.

7.    Admit that Defendant seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, but deny that Defendant is entitled to such relief and further deny the remaining averments contained in paragraph 7 of the Amended Counterclaims.

8.    Admit that Defendant seeks a declaratory judgment regarding the applicability of the Federal Copyright Law, 17 U.S.C. §§ 203(a) and 302(c), to the Agreement, but deny that

2

Defendant is entitled to such relief and further deny the remaining averments contained in paragraph 8 of the Amended Counterclaims.

9.     Deny the averments contained in paragraph 9 of the Amended Counterclaims.

10.     Deny the averments contained in paragraph 10 of the Amended Counterclaims.

11.     Admit that Defendant seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, but deny that Defendant is entitled to such relief and further deny the remaining averments contained in paragraph 11 of the Amended Counterclaims.

12.     Deny the averments contained in paragraph 12 of the Amended Counterclaims.

13.     Deny the averments in paragraph 13 of the Amended Counterclaims.

14.     Deny the averments in paragraph 14 of the Amended Counterclaims.

15.     Deny the averments in paragraph 15 of the Amended Counterclaims.

16.     Admit that Defendant seeks an accounting in paragraph 16 of the Amended Counterclaims but deny that Defendant is entitled to such relief.

17.     Deny the averments in paragraph 17 of the Amended Counterclaims.

## THE PARTIES

18.     Admit the averments contained in paragraph 18 of the Amended Counterclaims.

19.     Admit the averments contained in paragraph 19 of the Amended Counterclaims.

20.     Admit the averments contained in paragraph 20 of the Amended Counterclaims.

## JURISDICTION AND VENUE

21.     Admit that subject matter jurisdiction is proper.

22.     Admit that personal jurisdiction is proper.

23.     Admit that venue is proper.

## **FACTS COMMON TO ALL AMENDED COUNTERCLAIMS**

24.     Deny the averments contained in paragraph 24 of the Amended Counterclaims, except that on or about January 1, 1993, PSS Md. entered into the Agreement with Defendant providing for, *inter alia*, Defendant's exclusive right to re-sell or distribute the Software in specified zip code ranges located in and around Illinois, which Software was developed by InfoSoft, Inc. ("InfoSoft"), who also was the copyright owner thereof.

25.     Deny the averments contained in paragraph 25 of the Amended Counterclaims and respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

26.     Deny the averments contained in paragraph 26 of the Amended Counterclaims and respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

27.     Deny the averments contained in paragraph 27 of the Amended Counterclaims and respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

28.     Deny the averments contained in paragraph 28 of the Amended Counterclaims and respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

29.     Deny the averments contained in paragraph 29 of the Amended Counterclaims, except that the Agreement contains a section entitled "Default" that enumerates five events of Default, which have not occurred, and are likely never to occur.  Further replying that Plaintiffs

4

respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

30.    Deny the averments contained in paragraph 30 of the Amended Counterclaims, except that the Agreement contains a section entitled "Term" that indicates that the Agreement is of indefinite duration.  Further replying that Plaintiffs respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

31.    Deny the averments contained in paragraph 31 of the Amended Counterclaims and respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.  Further replying that the Court already has determined in a Decision and Judgment dated January 7, 2003 that Plaintiffs properly terminated the Agreement as of December 31, 2002 which Agreement the Court found to be terminable at will on reasonable notice.

32.    Deny the averments contained in paragraph 32 of the Amended Counterclaims, except that on April 8, 2002, Plaintiff SoftDent transmitted to Defendant a written notice that the Agreement was terminated, effective as of December 31, 2002, and would not be renewed for the calendar year commencing January 1, 2003.

33.    Admit the averments contained in paragraph 33 of the Amended Counterclaim except that Plaintiffs have asserted an amended claim against Defendant for copyright infringement and judgment in Plaintiffs' favor on such amended claim would have afforded Plaintiffs the right to terminate the Agreement immediately had such termination not already taken place.

34.    Admit the averments contained in paragraph 34 of the Amended Counterclaims.

5

35.    Deny the averments contained in paragraph 35 of the Amended Counterclaims except that Defendant has objected to and disagreed with Plaintiff SoftDent's written notice to Defendant by letter dated April 8, 2002 that, the Agreement is terminated, effective as of December 31, 2002, and will not be renewed for the calendar year commencing January 1, 2003.

36.    Deny the averments contained in paragraph 36 of the Amended Counterclaims.

37.    Deny the averments contained in paragraph 37 of the Amended Counterclaims except that during the term of the Agreement, Defendant contractually agreed to order Software from SoftDent solely for the purpose of distributing or re-selling said Software to Defendant's end-user customers.

38.    Deny the averments contained in paragraph 38 of the Amended Counterclaims.

39.    Deny the averments contained in paragraph 39 of the Amended Counterclaims except that during the term of the Agreement, Defendant contractually agreed to order Software from SoftDent solely for the purpose of distributing or re-selling said Software to Defendant's end-user customers.

40.    Deny the averments contained in paragraph 40 of the Amended Counterclaims except that during the term of the Agreement, Defendant contractually agreed to order Software from SoftDent solely for the purpose of distributing or re-selling said Software to Defendant's end-user customers.

41.    Deny the averments contained in paragraph 41 of the Amended Counterclaims.

42.    Deny the averments contained in paragraph 42 of the Amended Counterclaims.

43.    Deny the averments contained in paragraph 43 of the Amended Counterclaims.

44.     Deny the averments contained in paragraph 44 of the Amended Counterclaims except that Plaintiffs have sold, and continue to sell, Software without requiring an end-user's purchase of technical support and services from Plaintiffs.  Further replying that during the term of the Agreement, Defendant sold SoftDent's Software without providing technical support and services.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45 except that following the termination of the Agreement, effective as of December 31, 2002, Defendant has continued to provide said technical support and services in breach of the Agreement and in violation of SoftDent's copyright.

46.     Deny the averments contained in paragraph 46 of the Amended Counterclaims.

47.     Deny the averments contained in paragraph 47 of the Amended Counterclaims.

48.     Deny the averments contained in paragraph 48 of the Amended Counterclaims except that given the termination of the Agreement as of December 31, 2002 and Defendant's obligation upon termination, *inter alia*, to "immediately return" to Plaintiffs "any and all materials regarding the Products in any form whatsoever," including any and all Software, Defendant's continued "use" of the Software to provide technical support and services to end-users constitutes a breach of the Agreement and violates SoftDent's copyright.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 49 of the Amended Counterclaims.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 50 of the Amended Counterclaims except that Defendant is not "able" to provide technical support and services to end-users because its use of SoftDent's Software constitutes a breach of the Agreement and violates SoftDent's copyright.

7

## COUNT I FOR A DECLARATION

51.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 50 above as if set forth at length herein.

52.    Deny the averments contained in paragraph 52 of the Amended Counterclaims.

53.    Deny the averments contained in paragraph 53 of the Amended Counterclaims.

54.    Deny the averments contained in paragraph 54 of the Amended Counterclaims.

55.    Deny the averments contained in paragraph 55 of the Amended Counterclaims.

56.    Deny the averments contained in paragraph 56 of the Amended Counterclaims, except that on April 8, 2002, Plaintiff SoftDent transmitted to Defendant a written notice that the Agreement was terminated, effective as of December 31, 2002, and would not be renewed for the calendar year commencing January 1, 2003.

57.    Admit that Defendant has objected to and disagrees with Plaintiffs' right to terminate the Agreement.

58.    Deny the averments contained in paragraph 58 of the Amended Counterclaims. Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

59.    Admit the averments contained in paragraph 59 of the Amended Counterclaims. Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

60.    Admit the averments contained in paragraph 60 of the Amended Counterclaims.

61.    Admit that in paragraph 61 of the Amended Counterclaims, Defendant seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, but deny that Defendant is entitled to such

8

relief.  Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

<u>**COUNT II FOR A DECLARATION**</u>

62.     Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 61 above as if set forth at length herein.

63.     Deny the averments contained in paragraph 63 of the Amended Counterclaims.

64.     Deny the averments contained in paragraph 64 of the Amended Counterclaims, except that on April 8, 2002, Plaintiff SoftDent transmitted to Defendant a written notice that the Agreement was terminated, effective as of December 31, 2002, and would not be renewed for the calendar year commencing January 1, 2003.

65.     Deny the averments contained in paragraph 65 of the Amended Counterclaims.

66.     Deny the averments contained in paragraph 66 of the Amended Counterclaims.

67.     Admit that Defendant has objected to and disagreed with Plaintiff's assertion that nine months is a reasonable Disposition Period.

68.     Deny the averments contained in paragraph 68 of the Amended Counterclaims. Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

69.     Admit the averments contained in paragraph 69 of the Amended Counterclaims. Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

70.     Admit the averments contained in paragraph 70 of the Amended Counterclaims.

22193443.01

71.    Admit that Defendant seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, but deny that Defendant is entitled to such relief.  Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

## COUNT III FOR A DECLARATION

72.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 71 above as if set forth at length herein.

73.    Deny the averments contained in paragraph 73 of the Amended Counterclaims.

74.    Deny the averments contained in paragraph 74 of the Amended Counterclaims, except that the Agreement contains a section entitled "Exclusive Territory" and respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

75.    Deny the averments contained in paragraph 75 of the Amended Counterclaims, except that the Agreement contains a section entitled "Exclusive Territory" and respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

76.    Deny the averments contained in paragraph 76 of the Amended Counterclaims except that on April 8, 2002, Plaintiff SoftDent transmitted to Defendant a written notice that the Agreement was terminated, effective as of December 31, 2002, and would not be renewed for the calendar year commencing January 1, 2003.

77.    Admit that Defendant has objected to and disagreed with Plaintiffs' assertion that they have the right to terminate the Agreement.

78.    Deny the averments contained in paragraph 78 of the Amended Counterclaims.

79.     Deny the averments contained in paragraph 79 of the Amended Counterclaims.

80.     Deny the averments contained in paragraph 80 of the Amended Counterclaims.

81.     Deny the averments contained in paragraph 81 of the Amended Counterclaims. Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

82.     Deny the averments contained in paragraph 82 of the Amended Counterclaims.

83.     Admit that Defendant seeks preliminary and permanent injunctive relief, but deny that Defendant is entitled to such relief.  Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

## COUNT IV FOR A DECLARATION

84.     Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 83 above as if set forth at length herein.

85.     Deny the averments contained in paragraph 85 of the Amended Counterclaims.

86.     Deny the averment contained in paragraph 86 of the Amended Counterclaims.

87.     Deny the averments contained in paragraph 87 of the Amended Counterclaims.

88.     Deny the averments contained in paragraph 88 of the Amended Counterclaims.

89.     Admit that Defendant has objected to and disagreed with the assertion that Plaintiffs have a right to terminate the Agreement.

90.     Deny the averments contained in paragraph 90 of the Amended Counterclaims. Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

91.     Admit the averments contained in paragraph 91 of the Amended Counterclaims. Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

92.     Deny the averments contained in paragraph 92 of the Amended Counterclaims.

93.     Admit that Defendant seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201 and 17 U.S.C. §§ 203(a) and 302(c), but deny that Defendant is entitled to such relief.  Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim in its entirety.

## COUNT V FOR VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT, VIOLATION OF THE ILLINOIS CONSUMER FRAUDAND DECEPTIVE BUSINESS PRACTICES ACT, <u>UNFAIR COMPETITION AND TRADE DISPARAGEMENT</u>

94.     Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 93 above as if set forth at length herein.

95.     Deny the averments contained in paragraph 95 of the Amended Counterclaims.

96.     Deny the averments contained in paragraph 96 of the Amended Counterclaims.

97.     Deny the averments contained in paragraph 97 of the Amended Counterclaims.

## COUNT VI  FOR BREACH OF CONTRACT, <u>DUTY OF GOOD FAITH AND FAIR DEALING</u>

98.     Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 97 above as if set forth at length herein.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 99 of the Amended Counterclaims and respectfully refer the Court to the common law of Maryland for its meaning and effect.

12

100.    Deny the averments contained in paragraph 100 of the Amended Counterclaims, except that on or about January 1, 1993, PracticeWorks' predecessor-in-interest, PSS Md., entered into the Agreement with Defendant, which is attached to the Complaint as Exhibit A and which speaks for itself.

101.    Deny the averments contained in paragraph 101 of the Amended Counterclaims.

102.    Deny the averments contained in paragraph 102 of the Amended Counterclaims.

103.    Deny the averments contained in paragraph 103 of the Amended Counterclaims.

104.    Deny the averments contained in paragraph 104 of the Amended Counterclaims.

105.    Deny the averments contained in paragraph 105 of the Amended Counterclaims.

106.    Deny the averments contained in paragraph 106 of the Amended Counterclaims.

107.    Deny the averments contained in paragraph 107 of the Amended Counterclaims.

108.    Deny the averments contained in paragraph 108 of the Amended Counterclaims.

## COUNT VII FOR A DECLARATION

109.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 108 above as if set forth at length herein.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 110 of the Amended Counterclaims.

111.    Deny the averments contained in paragraph 111 of the Amended Counterclaims except that given the termination of the Agreement as of December 31, 2002 and, Defendant's obligation upon termination, *inter alia*, to "immediately return" to Plaintiffs "any and all materials regarding the Products in any form whatsoever," including any and all Software,

13

Defendant's continued "use" of the Software to provide technical support and services to end-users constitutes a breach of the Agreement and violates SoftDent's copyright.

112.    Deny the averments contained in paragraph 112 of the Amended Counterclaims except that given the termination of the Agreement as of December 31, 2002 and Defendant's obligation upon termination, *inter alia*, to "immediately return" to Plaintiffs "any and all materials regarding the Products in any form whatsoever," including any and all Software, Defendant's continued "use" of the Software to provide technical support and services to end-users constitutes a breach of the Agreement and violates SoftDent's copyright.

113.    Deny the averments contained in paragraph 113 of the Amended Counterclaims.

114.    Deny the averments contained in paragraph 114 of the Counterclaims except that there is a justiciable controversy between the parties concerning whether Defendant may continue to "use" SoftDent's Software to provide technical support and services to customers, which use breaches the Agreement and violates SoftDent's copyright.

115.    Admit that there is no adequate remedy at law with respect to the controversy between the parties concerning whether Defendant may continue to "use" SoftDent's Software to provide technical support and services to customers, which use breaches the Agreement and violates SoftDent's copyright.

116.    Admit that Defendant seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, but deny that Defendant is entitled to such relief.  Further replying that the Court dismissed in its entirety Defendant's prior Counterclaim for a declaration that Defendant had the "continuing right" to provide "support, service, updates, upgrades and certain electronic services derived from its exclusive right as a distributor and value added reseller as granted by [Plaintiffs] in the Agreement . . ."  and clarified said dismissal to the limited extent of holding that Defendant

14

could provide technical support and service pertaining to the Software "provided, of course, . . . that relevant materials were returned [to Plaintiffs] and not used." (Feb. 21, 2003 Trans. at p. 11).

## COUNT VIII FOR FEDERAL UNFAIR COMPETITION FOR
## FALSE AND/OR MISLEADING REPRESENTATIONS

117.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 116 above as if set forth at length herein.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 118 of the Amended Counterclaims regarding the Count arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and respectfully refer the Court thereto for the statute's full meaning and effect. Further deny all remaining averments contained in paragraph 118 of the Amended Counterclaims regarding false, inaccurate and/or misleading representations made by Plaintiffs related to the services of Defendant and their publication to third parties.

119.    Deny the averments contained in paragraph 119 of the Amended Counterclaims.

120.    Deny the averments contained in paragraph 120 of the Amended Counterclaims.

121.    Deny the averments contained in paragraph 121 of the Amended Counterclaims.

## COUNT IX FOR ATTORNEYS' FEES

122.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 122 above as if set forth at length herein.

123.    Deny the averments contained in paragraph 123 of the Amended Counterclaims except that the Agreement contains a section entitled "Attorneys Fee" [sic] and respectfully refer the Court to the Agreement, which is attached to the Complaint as Exhibit A and which speaks for itself.

15

124.    Deny the averments contained in paragraph 124 of the Amended Counterclaims.

125.    Deny the averments contained in paragraph 125 of the Amended Counterclaims. Further replying, that in a Decision and Judgment dated January 7, 2003, the Court granted summary judgment in Plaintiff's favor, dismissing this Counterclaim and granting Plaintiffs' reciprocal claim for summary judgment, entering judgment for Plaintiffs "for reasonable attorney's fees and costs associated with bringing this action and litigating [Plaintiffs' motion for summary judgment and judgment on the pleadings]." See Order entered January 7, 2003 at ¶ 4.

### COUNT X - FOR TORTIOUS INTERFERENCE WITH CONTRACT

126.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 125 above as if set forth at length herein.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 127 of the Amended Counterclaims.

128.    Deny the averments contained in paragraph 128 of the Amended Counterclaims except that given the termination of the Agreement as of December 31, 2002 and Defendant's obligation upon termination, *inter alia*, to "immediately return" to Plaintiffs "any and all materials regarding the Products in any form whatsoever," including any and all Software, Defendant's continued "use" of the Software to provide technical support and services to end-users constitutes a breach of the Agreement and violates SoftDent's copyright.

129.    Deny the averments contained in paragraph 129 of the Amended Counterclaims.

130.    Deny the averments contained in paragraph 130 of the Amended Counterclaims.

131.    Deny the averments contained in paragraph 131 of the Amended Counterclaims.

132.    Deny the averments contained in paragraph 132 of the Amended Counterclaims.

16

133.    Deny the averments contained in paragraph 130 of the Amended Counterclaims.

### COUNT XI - FOR TORTIOUS INTERFERENCE
### WITH PROSPECTIVE ECONOMIC ADVANTAGE

134.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 133 above as if set forth at length herein.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 135 of the Amended Counterclaims.

136.    Deny the averments contained in paragraph 136 of the Amended Counterclaims except that given the termination of the Agreement as of December 31, 2002 and, Defendant's obligation upon termination, *inter alia*,  to "immediately return" to Plaintiffs "any and all materials regarding the Products in any form whatsoever," including any and all Software, Defendant's continued "use" of the Software to provide technical support and services to end-users constitutes a breach of the Agreement and violates SoftDent's copyright.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 137 of the Amended Counterclaims.

138.    Deny the averments contained in paragraph 138 of the Amended Counterclaims.

139.    Deny the averments contained in paragraph 139 of the Amended Counterclaims.

140.    Deny the averments contained in paragraph 140 of the Amended Counterclaims.

141.    Deny the averments contained in paragraph 141 of the Amended Counterclaims.

### COUNT XII - FOR ACCOUNTING

142.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 141 above as if set forth at length herein.

143.    Deny the averments contained in paragraph 143 of the Amended Counterclaims.

17

## COUNT XIII - ANTITRUST

144.    Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 143 above as if set forth at length herein.

145.    Admit the averments contained in paragraph 145 of the Amended Counterclaims.

146.    Deny the averments contained in paragraph 146 of the Amended Counterclaims except that Plaintiffs have sold, and continue to sell, Software without requiring an end-user's purchase of technical support and services from Plaintiffs.  Further replying that during the term of the Agreement, Defendant sold SoftDent's Software without providing technical support and services.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 147 except that following the termination of the Agreement, effective as of December 31, 2002, Defendant has continued to provide said technical support and services in breach of the Agreement and in violation of SoftDent's copyright.

148.    Deny the averments contained in paragraph 148 of the Amended Counterclaims.

149.    Deny the averments contained in paragraph 149 of the Amended Counterclaims.

150.    Deny the averments contained in paragraph 150 of the Amended Counterclaims except that given the termination of the Agreement as of December 31, 2002 and, *inter alia*, Defendant's obligation upon termination to "immediately return" to Plaintiffs "any and all materials regarding the Products in any form whatsoever," including any and all Software, Defendant's continued "use" of the Software to provide technical support and services to end-users constitutes a breach of the Agreement and violates SoftDent's copyright.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 151 of the Amended Counterclaims.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 152 of the Amended Counterclaims.

153.     Deny the averments contained in paragraph 153 of the Amended Counterclaims and respectfully refer the Court to the Sherman Act, 15 U.S.C. § 1 *et seq.*, for its full meaning and effect.

154.     Deny the averments contained in paragraph 154 of the Amended Counterclaims and respectfully refer the Court to the Sherman Act, 15 U.S.C. § 1 *et seq.*, for its full meaning and effect.

155.     Deny the averments contained in paragraph 155 of the Amended Counterclaims.

### COUNT XIV FOR BREACH OF CONTRACT, DUTY OF GOOD FAITH AND FAIR DEALING

156.     Plaintiffs repeat and reaver the averments contained in paragraphs 1 through 155 above as if set forth at length herein.

157.     Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 157 of the Amended Counterclaims and respectfully refer the Court to the common law of Maryland for its meaning and effect.

158.     Deny the averments contained in paragraph 158 of the Amended Counterclaims.

159.     Deny the averments contained in paragraph 159 of the Amended Counterclaims.

160.     Deny the averments contained in paragraph 161 of the Amended Counterclaims except that during the term of the Agreement, Defendant purported to order various versions of the Software from SoftDent for purposes of distributing or re-selling said Software to Defendant's end-user customers.

19

161.    Deny the averments contained in paragraph 161 of the Amended Counterclaims except that during the term of the Agreement, Defendant purported to purchase a one year Update Subscription from SoftDent which it contractually agreed to distribute or re-sell to its end-user customer, when in actuality, Defendant sought to use said Software improperly for its own commercial purposes in breach of the Agreement and in violation of SoftDent's copyright.

162.    Admit the averments contained in paragraph 162 of the Amended Counterclaims. Further replying that a purchaser like Defendant who had pre-purchased the Update Subscription for the improper purpose of using the Software to provide technical support and services—in breach of the Agreement and in violation of SoftDent's copyright—is not entitled to all updated versions of the Software released and distributed by SoftDent for one year following the purchase date of the Update Subscription.

163.    Deny the averments contained in paragraph 163 of the Amended Counterclaims except that during the one year following Defendant's Software and Update Subscription purchase for the improper purpose of providing technical support and services, SoftDent released SoftDent v. 9.8, SoftDent v. 10.0.1 and SoftDent v. 10.0.2.

164.    Deny the averments contained in paragraph 164 of the Amended Counterclaims. Further replying that Defendant is not entitled to use the SoftDent Software improperly for its own commercial purposes in breach of the Agreement and in violation of SoftDent's copyright.

165.    Deny the averments contained in paragraph 165 of the Amended Counterclaims except that Defendant is not entitled to use the SoftDent Software improperly for its own commercial purposes in breach of the Agreement and in violation of SoftDent's copyright.

20

166.    Deny the averments contained in paragraph 166 of the Amended Counterclaims except that Defendant is not entitled to use the SoftDent Software improperly for its own commercial purposes in breach of the Agreement and in violation of SoftDent's copyright.

167.    Deny the averments contained in paragraph 167 of the Amended Counterclaims.

168.    Deny the averments contained in paragraph 168 of the Amended Counterclaims.

## PRAYER FOR RELIEF

Plaintiffs have not violated any statutes or any common law alleged in the Amended Counterclaims.  Therefore, no judgment against Plaintiffs is necessary.

## AFFIRMATIVE DEFENSES

169.    Defendant's Amended Counterclaims fail to state causes of action upon which relief can be granted.

170.    Defendant has failed to plead its Amended Fifth Counterclaim sounding in consumer fraud with the requisite specificity.

171.    Defendant lacks standing to assert its Amended Fifth counterclaim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

172.    Any statements and/or representations made by Plaintiffs regarding Defendant's provision of technical support and services in connection with SoftDent's Software do not violate the Illinois Deceptive Trade Practices Act, do not violate the Illinois Consumer Fraud and Deceptive Business Practices Act, do not constitute unfair competition and do not constitute trade disparagement because such statements and/or representations are true.

173.    Any statements and/or representations made by Plaintiffs regarding Defendant's provision of technical support and services in connection with SoftDent's Software do not violate the Illinois Deceptive Trade Practices Act, do not violate the Illinois Consumer Fraud and Deceptive Business Practices Act, do not constitute unfair competition and do not constitute trade disparagement because such statements and/or representations are privileged.

174.    Defendant's Amended Sixth and Fourteenth Counterclaims for Breach of Contract, Duty of Good Faith and Fair Dealing are vitiated by Defendant's continuing breaches of contract, including, *inter alia*, its failure to "immediately return" to Plaintiffs "any and all materials regarding the Products in any form whatsoever," including any and all Software, its violation of SoftDent's copyright, and its continuing breach of the implied covenant of good faith and fair dealing.

175.    Defendant's Amended Seventh Counterclaim for a declaration as to its ability to "continue to provide technical support and service of [Plaintiffs'] Products to customers pending this litigation or after termination of the Agreement" must fail because it is already the law of the case that Defendant ***does not*** have a "continuing right" to provide said support and service, particularly, where, as here, in doing so, Defendant is breaching the Agreement and violating SoftDent's copyright.

176.    Defendant's Amended Eighth Counterclaim for false and/or misleading representations under Section 1125(a) of  the Lanham Act, 15 U.S.C. § 1125(a), must fail because Defendant has failed to plead any false and/or misleading representations made by Plaintiff regarding Defendant's products or services.

22

177.    Defendant's Tenth and Eleventh Counterclaims must fail because Defendant has failed to allege a breach of any duty collateral to or independent from the Agreement and is merely attempting to re-cast its purported breach of contract claim into tort claims.

178.    Defendant's Twelfth Counterclaim for an Accounting must fail due to the lack of any confidential or fiduciary relationship between Plaintiffs and Defendant.

179.    Defendant's Thirteenth Counterclaim for Antitrust under Section 1 of the Sherman Act, 15 U.S.C. § 1, must fail because Defendant has failed to plead a tying arrangement.

180.    Defendant's Thirteenth Counterclaim for Antitrust under Section 1 of the Sherman Act, 15 U.S.C. § 1, must fail because Defendant has failed to plead injury-in-fact and/or antitrust injury.

181.    Defendant Defendant's Amended Counterclaims are barred by reason of the doctrine of waiver.

182.    Defendant's Amended Counterclaims are barred by reason of the doctrine of estoppel.

183.    Defendant's Amended Counterclaims are barred by reason the doctrine of laches.

184.    Defendant's Amended Counterclaims are barred by reason of the doctrine of unclean hands.

185.    Defendant has failed to mitigate any purported damages or attorneys' fees.

22193443.01

186.     Any damages suffered by Defendant were caused by Defendant's intentional acts and/or culpable conduct, and without fault of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(a)     dismiss Defendant's Amended Counterclaims in their entirety;

(b)     award to Plaintiffs the costs and disbursements incurred in commencing the instant action and defending against the Amended Counterclaims, including reasonable attorneys' fees; and

(c)     grant to Plaintiffs such other and further relief as is just and proper.

Dated: January 30, 2004

Respectfully submitted,

KATTEN MUCHIN ZAVIS ROSENMAN

By: _____ /s/  Howard E. Cotton _____
Howard E. Cotton (admitted *pro hac vice*)
Michael S. Gordon (admitted *pro hac vice*)
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8855
Facsimile: (212) 894-5966
Counsel for Plaintiffs
PracticeWorks, Inc. and SoftDent

24