IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---------------------------------------------x
PRACTICEWORKS, INC., et al.,                 )
                                             )
                          Plaintiffs         )  Civil No.: JFM 02 CV 1205
                                             )
        - against -                          )
                                             )
PROFESSIONAL SOFTWARE SOLUTIONS              )
OF ILLINOIS, INC.,                           )
                                             )
                          Defendant.         )
---------------------------------------------x
---------------------------------------------x
                                             )
PRACTICEWORKS, INC., et al.,                 )
                                             )
                          Plaintiffs         )  Civil No.: JFM 02 CV 1206
                                             )
        - against -                          )
                                             )
DENTAL MEDICAL AUTOMATION, INC.,             )
                                             )
                          Defendant.         )
---------------------------------------------x

### AFFIDAVIT OF AL FIORE

COUNTY OF COBB        )
                      ) ss.:
STATE OF GEORGIA      )

**AL FIORE**, being duly sworn, deposes and says:

1.  I am Vice President of Marketing and Corporate Development of Plaintiffs PracticeWorks, Inc. and SoftDent LLC (collectively "Plaintiffs"). As such, I am fully familiar with the facts set forth herein. I respectfully submit this affidavit in support of Plaintiffs' motion (i) for partial summary judgment granting their Third, Fourth, Fifth and Sixth Amended Counts and dismissing Defendants Professional Software Solutions of Illinois, Inc.'s ("PSSI") and Dental Medical Automation, Inc.'s ("DMA") (collectively "Defendants") Seventh, Ninth and PSSI's Fourteenth Amended Counterclaims; (ii) dismissing Defendants' Fifth, Eighth, Tenth, Eleventh, Twelfth and Thirteenth

22193895.01

Amended Counterclaims; and (iii) dismissing Defendants' Twelfth through Twenty-Second Affirmative Defenses to the Fifth Amended Count, SoftDent's copyright infringement claim.

### Overview

2.	Preliminarily, it should be noted that when these actions were commenced in April 2002, Plaintiffs sought a declaration as to whether they had properly terminated and declined to renew their dealership agreements with Defendants on reasonable notice. In January 2003, the Court granted judgment in Plaintiffs' favor on all three of their causes of action, including their Third Count for attorneys' fees, and dismissed all of the counterclaims against which Plaintiffs moved (*i.e.*, Counterclaims One through Five, Eight and Nine) (the "1/7/03 Decision and Judgment").

3.	Following the issuance of the 1/7/03 Decision and Judgment, these matters appeared to be on the cusp of resolution, with the parties engaged in settlement discussions as to Defendants' obligation to pay Plaintiffs' attorneys fees and costs, as well as the lingering issue of whether Defendants could continue to provide technical support and service related to the Software, notwithstanding the termination of the Agreements.

4.	Presently, Defendants have refused to comply with their obligation upon termination of the Agreements to return the Software and related products to Plaintiffs. (See Exs. B and C, Agreements § 13.3). In fact, Defendants have used, and continue, to use the Software in breach of the Agreements and in violation of SoftDent's copyrights, for the commercial purpose of providing technical support and service to third parties.

5.	As they did with their last set of Counterclaims, Defendants once again attempt to distract the Court from the technical support issue in the form of eight new counterclaims. However, Plaintiffs respectfully ask the Court to look beyond Defendants' ample window dressing—as the Court did on the last dispositive motion—and resolve, once and for all, the core technical support issue, which will cause all of the other "counterclaims" to fall like a house of cards.

**A.	The Parties**

6.	Plaintiffs PracticeWorks and SoftDent are information management technology providers for dentists, oral surgeons and orthodontists throughout the United States (Am. Compl. ¶ 1). Plaintiff PracticeWorks is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in the State of Georgia (Am. Compl. ¶ 11). Plaintiff SoftDent, a wholly

owned subsidiary of PracticeWorks, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Maryland (Am. Compl. ¶ 12).

7. Defendants PSS Illinois and DMA are dealers of dental management products throughout Illinois and Ohio, respectively (see Defendants' Answer, Affirmative Defenses and First Amended Counterclaims ("Am. Countercl.") ¶ 2).

B. **The Agreements**

8. When they were in effect, the Agreements granted Defendants an exclusive dealership to re-sell or distribute a dental management software program known as the SoftDent® Dental Management System (the "Software") within specified zip code ranges located throughout Illinois and Ohio, respectively (Am. Compl. ¶ 2; see also, Agreements, submitted herewith as Exhibits D and E, at § 3.1). At the time of the formation of these contracts, PSS Md. was the sole distributor of the Software, pursuant to exclusive distribution rights conveyed to it by InfoSoft, Inc. ("InfoSoft"), the then-developer and copyright holder of the Software (Am. Compl. ¶ 20).

C. **The Software**

9. Beginning in March 1990, Plaintiffs' predecessor-in-interest, InfoSoft, applied for copyrights for the computer source code and documentation for the Software with the United States Copyright Office, and five Certificates of Registration were issued. (See Am. Compl. Exs. D through H thereto). Thereafter, SoftDent applied for copyrights for the computer source code and documentation for the Software with the United States Copyright Office, and two Certificates of Registration were issued (See id. Exs. I and J thereto).

10. Plaintiff SoftDent is the sole owner of the copyrights associated with the Software, having assumed ownership of the copyrights registered from 1990 through 1998 and owning those registered in 2003.

11. The original works associated with the Software were developed by InfoSoft and/or SoftDent and possess the requisite originality under the Copyright Laws and, as such, InfoSoft and/or SoftDent were properly granted an authentic and valid copyright.

**Provisions of the Agreement Precluding the Continued Use of the
Software Upon Termination to Provide Technical Services and Support**

12. The purpose of the Agreements was to facilitate the sale of copies of the Software to end-users—dental or orthodontic practices in Defendants' territory ("End-Users"). (Exs. D and E,

3

22193895.01

Agreements § 3.1). Plaintiffs tightly control the dissemination of copies of the Software, making sure that each one is specifically ordered on behalf of a registered End-User. The Agreements provide that "orders may only be filled when a completed Purchase Registration Form . . . has been executed by the End-User and received by [Plaintiffs]." (Exs. D and E, Agreements § 23).

13.  The Agreements clearly do not contemplate Defendants themselves being End Users, as borne out by the Agreements' express definitions of Defendants as "Dealers" and "End-User" as "a customer or purchaser of the Products." (Exs. D and E, Agreements § 2.5). Rather, the Agreements expressly provide for Defendants to act as a conduit for shipment of the Software to the End-User (id., § 23). Further distinguishing between End-Users on the one hand, and Defendants, as Dealers, on the other, the Agreements afford Defendants the option of offering "local support" to End-Users during the term of the Agreements, but require Defendants to make End-Users aware of the "national support" being afforded by Plaintiffs "and allow the customer to decide based on the merits and prices of these support options" whether to purchase Defendants' local support or Plaintiffs' national support (Id. § 10.5). Finally, Section 10.5 of the Agreements expressly precludes Defendants from taking any steps to "impede, block, obstruct, inhibit, or restrict . . . [Plaintiffs'] access to the End User with regards to these services or any other adjunctive services that might be offered by [Plaintiffs]" (Id.) These provisions unequivocally confirm that the Software was not intended to be purchased and/or used by Defendants as End-Users.

14.  With respect to Plaintiffs' intellectual property, in the Agreements, Defendants "acknowledge[d] the proprietary rights of [SoftDent]" to the Software and agreed "[t]hroughout the term of this Agreement *and at all times thereafter* . . . not to disclose, or cause to be disclosed, any confidential or proprietary information relating to the [Software] or [SoftDent], other than in the faithful performance of the duties hereunder." (Exs. D and E, Agreements § 13.1)(emphasis added).

15.  Additionally, Defendants acknowledged that the works were copyrighted and that "unauthorized duplicat[ion]" thereof constituted a copyright violation that could lead to termination of the Agreements. (Exs. D and E § 11.5 providing that an Event of Default occurs entitling Plaintiffs to immediately terminate the Agreement "[i]f [either Defendant] is adjudged to have violated the copyright of the Software or accompanied documentation by making unauthorized duplicates of same"). Further

4

22193895.01

Defendants agreed to "be subject to *any and all applicable fines and penalties under the provisions of the Federal Copyright Laws.*" (Id., emphasis added).

16. In the same vein, the Agreement provides that upon termination, Defendant must "immediately return" to Plaintiffs "any and all materials regarding the Products in any form whatsoever," including any and all Software. (Exs. D and E, Agreements s 13.3). "Products" are broadly defined in the Agreement as "SoftDent computer software and related products now or hereafter, during the term of this Agreement, developed, manufactured or distributed by [Plaintiffs]." (Exs. D and E § 2.1).

**D. The Court's Grant of Summary Judgment in Plaintiffs' Favor Terminating the Agreements**

17. In the 1/7/03 Decision and Judgment, the Court held, as a matter of law, that the Agreements properly were terminated and non-renewed on reasonable notice by letter dated April 8, 2002, which termination and non-renewal became effective as of December 31, 2002. (Ex. A). In doing so, the Court granted judgment in Plaintiffs' favor on all three of their causes of action, including entry of judgment in Plaintiffs' favor for reasonable attorney's fees and costs associated with bringing this action and litigating the prior dispositive motion (Ex. A, 1/7/03 Judgment at ¶ 4; see also 1/7/03 Decision at p. 9), and dismissed all of the counterclaims against which Plaintiffs moved (*i.e.*, Counterclaims One through Five, Eight and Nine) seeking the inverse relief of that sought by Plaintiffs.

**E. The Dismissal of Defendants' Eighth Counterclaim Seeking a Declaration as to Defendants' "Continuing Right" to Provide Technical Support and Services**

18. As previously mentioned, the Court dismissed Defendants' Eighth Counterclaim for a declaration that Defendants had the "continuing right" to provide, *inter alia*, technical support and service of the Software following termination of the Agreements. The Court, in fact, held that Defendants were "*not entitled to continue technical support and services anticipated in the Agreements*" and were required "to immediately return [to the plaintiffs] any and all materials regarding the Products in any form whatsoever," as required in the Agreements. (Ex. A, 1/7/03 Decision at 9, *quoting* Agreements (Exs. D and E) § 13.3). Although the Court denied Defendants' application to reconsider, alter, amend and/or stay enforcement of the 1/7/03 Decision and Judgment, the Court clarified its dismissal of Defendants' Eighth Counterclaim to the limited extent of holding that Defendants could provide technical support and service of the Software "provided, of course, . . . that relevant materials were returned [to Plaintiffs] and not used" as required under Section 13.3 of the Agreements (Ex. B, 2/21/03 Trans. at p. 11).

F.  **Defendants' Improper Copying and Use of the**
    <u>**Software to Provide Technical Support and Services**</u>

19.  By letter dated April 14, 2003, Plaintiffs demanded that Defendants immediately return to them any and all materials regarding the Products in any form whatsoever, including the Software, as required in the Agreement. (Am. Countercl. Ex. B thereto)

20.  To date, Defendants have refused to return their copies of the Software and in fact, have admitted on more than one occasion that they have copied, are copying and are using the Software currently in their possession to provide "technical support and service" to third parties.

21.  It is my understanding that, in their Amended Answer to Plaintiffs' Amended Complaint, Defendants allege that they have delivered to their counsel all materials regarding the Products "with the exception of the software that they've purchased . . ." (Am. Answer ¶ 57) and further have admitted that "[they] [are] entitled to use copies of all software which [they] lawfully own and/or for which [they have] a license to provide 'technical support and service' to third parties." (id. ¶¶ 58 and 113). In the same vein, Defendants' counsel has judicially admitted that Defendants would *not* return Plaintiffs' Software to Plaintiffs and would continue to use this Software to provide technical support and service. (Ex. B, 2/21/03 Tr. at p. 10; see also Am. Countercl. Ex. C thereto at p. 2).

## SUMMARY OF AMENDED PLEADINGS

22.  Plaintiffs seek summary judgment on the following amended claims and counterclaims:

### The Amended Complaint

23.  Having obtained summary judgment on their first three counts regarding their proper termination and non-renewal of the Agreement on reasonable notice, and their entitlement to attorneys' fees and costs in connection therewith, Plaintiffs now seek summary judgment on the following Amended Counts:

24.  While Plaintiffs have fully complied with their contractual obligations (<u>id.</u> ¶ 88), Defendants have breached the Agreements, by, among other things, (i) failing to return to Plaintiffs "any and all materials regarding in the Products in any form whatsoever" as required under the Agreements (Exs. D and E § 13.3); (ii) disclosing confidential or proprietary information relating to the Software (<u>id.</u> § 13.1); and (iii) continuing to use, copy, reference or otherwise exploit the Software to provide technical support and service to third parties (id. § 11.5) (Am. Compl. ¶ 89). Defendants' actions have caused Plaintiffs to incur damages in excess of $1 million including, without limitation, lost technical support

opportunities. (Id. ¶ 90). Accordingly, judgment should be granted in Plaintiffs' favor on their Fourth Amended Count for breach of contract.

25.     In the Fifth Amended Count for copyright infringement, Plaintiff SoftDent alleges that it is the sole owner of the copyrights associated with the Software, which have been registered with the Copyright Office, and that the works associated with the Software possess the requisite originality under the Copyright Act (Am. Compl. ¶¶ 95-97 and Exs. D through J thereto). After termination of the Agreements, Defendants no longer had any permission or right to use SoftDent's Software, and, in using the Software to provide technical support and service, Defendants have infringed, and continue to, willfully infringe SoftDent's copyrights. (Am. Compl. ¶¶ 101-02). Accordingly, judgment should be granted in SoftDent's favor on its Fifth Amended Count for copyright infringement.

26.     In their Sixth Amended Count, Plaintiffs seek a declaration that Defendants do not have the continuing right, following termination of the Agreements, to use the Software to provide "technical support and service" to third parties because the provision thereof constitutes a breach of the Agreements and infringement of SoftDent's copyrights (Am. Compl. ¶¶ 109-18). Accordingly, judgment should be granted in Plaintiffs' favor on their Sixth Amended Count for a declaration that Defendants do not have the continuing right, following termination of the Agreements, to use the Software to provide "technical support and service" to third parties.

27.     In their Third Amended Count, Plaintiffs seek to recoup attorneys' fees and costs, recoverable under Section 17 of the Agreements, incurred by Plaintiffs in litigating these actions and prosecuting the instant motion (Am. Compl. ¶¶ 81-84). Accordingly, judgment should be granted in Plaintiffs' favor on their Third Amended Count for recoupment of attorneys' fees and costs.

## The Amended Counterclaims

28.     In their Seventh Amended Counterclaim, Defendants seek a declaration that they may continue to provide technical support and service of SoftDent's products to customers pending this litigation or after termination of the Agreements (Am. Countercl. ¶ 116), *i.e.*, the inverse of Plaintiffs' Sixth Amended Count (Am. Compl. ¶ 118). Because they cannot continue to provide technical support and service without breaching the Agreements and infringing SoftDent's copyrights, judgment should be granted in Plaintiffs' favor dismissing Defendants' Seventh Amended Counterclaim.

29. In its Fourteenth Amended Counterclaim, PSSI alleges that in November 2002, it purchased the Software and an Update Subscription, the latter of which, it alleges, entitled it to receive "all updated versions of the SoftDent software which are released and distributed by [Plaintiffs] for one year following the purchase date of the Update Subscription." (PSSI Am. Countercl. ¶ 162). PSSI further alleges that during the relevant time period (*i.e.*, from November 2002 through November 2003), SoftDent released three versions of the Software, but "[d]espite [PSSI's] repeated demands" SoftDent declined to furnish PSSI with these updated versions. (Id. ¶¶ 163-65). Essentially, PSSI alleges that Plaintiffs are in breach of a purported sales contract with PSSI because Plaintiffs have declined to facilitate PSSI's continued infringement of SoftDent's Software. Because any obligation by SoftDent to furnish PSSI with updates to the Software was discharged when PSSI disclosed that it was using the Software improperly, in violation of SoftDent's copyright, to provide technical support and service to third parties, judgment should be granted in Plaintiffs' favor dismissing PSSI's Fourteenth Amended Counterclaim for breach of contract.

30. In their Ninth Amended Counterclaim, Defendants seek attorneys fees and costs—the inverse of the relief sought by Plaintiffs in their Third Count (and upon which Plaintiffs already have prevailed, in part)—purportedly incurred by Defendants in commencing the instant counter-suit and enforcing their rights under the Agreements. However, because Plaintiffs are entitled to dispositive relief on virtually all of Defendants' Amended Counterclaims, Plaintiffs' Third Amended Count should be granted and Defendants Ninth Amended Counterclaim for attorneys' fees and costs should be dismissed.

**WHEREFORE**, for the foregoing reasons, and those set forth in the accompanying Memorandum of Law, it is respectfully requested that the Court grant Plaintiffs' motion for partial summary judgment, to dismiss and/or for judgment on the pleadings.

_____
AL FIORE

Sworn to before me this
13th day of February, 2004

_____
Notary Public
Notary Public Gwinnett County, Georgia
My Commission Expires July 20, 2004

22193895.01

8