1991 WL 294970 Page 1
**(Cite as: 1991 WL 294970 (N.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Western Division.

OLIN HUNT SPECIALTY PRODUCTS, INC., Plaintiff,
v.
ADVANCED DELIVERY AND CHEMICAL SYSTEMS; Glen Jenkins and Steven Siegele, Frederick Siegele, Bernard McKeown and Secodyne, Inc., Defendants.

**No. 88 C 20364.**

May 9, 1991.

Stephen Curtis Carlson, Sidley & Austin, Chicago, Ill., for Olin Hunt Speciality Products Inc.

David A. Caulk, Sreenan, Cain & Sullivan, Rockford, Ill., Robert M. Kluchin, Michael Joseph Sreenan, Heather A. Libbey, Keck, Mahin & Cate, Chicago, Ill., Nancy Ellen Bertoglio, Bell, Boyd & Lloyd, Oak Brook, Ill., for defendants.

*ORDER*

ROSZKOWSKI, District Judge.

**\*1** Before the court is Defendant Secodyne, Inc.'s motion to dismiss Counts I, II and III of Plaintiff's amended complaint as these counts pertain to this defendant. For the reasons set forth herein, the court grants Defendant's motion to dismiss.

*BACKGROUND*

Plaintiff filed suit in the United States District Court for the Northern District of Illinois, Western Division on October 27, 1988. Plaintiff's complaint brought allegations of misappropriation of trade secrets, breach of fiduciary duty and inducement of breach of fiduciary duty, unfair competition, trade disparagement, breach of contract and tortious interference with contractual and prospective business relationships. Plaintiff filed an amended complaint on July 20, 1990. The amended complaint added Defendant Secodyne and two individual defendants to the action. Counts I, II and III are the only counts of the amended complaint that pertain to Defendant Secodyne. Therefore, they are the only counts that are the subject of this motion to dismiss.

Plaintiff, Specialty Products, is a New Jersey corporation having its principal place of business in New Jersey. Plaintiff has a business in Seward, Illinois, which is within this judicial district. According to Plaintiff's amended complaint, Defendant Secodyne, Inc. is a corporation of the State of Michigan having its principal place of business in Michigan. As such, jurisdiction of this court is based upon diversity of citizenship under 28 U.S.C. § 1332. The allegations that are a basis of Plaintiff's amended complaint are as follows.

Plaintiff manufactures and sells ultra pure chemicals for specialized manufacturing applications in the semiconductor and other industries and sells and services equipment for the transport, storage and dispensing of such chemicals. Plaintiff asserts that the knowledge and information it developed relating to the methods, processes and equipment in this industry are confidential and involve proprietary technical information and constitute valuable trade secrets. Plaintiff also contends that the identity of its customers and the information relating to the particular requirements of those customers is proprietary and confidential business information constituting trade secrets. Plaintiff has entered into agreements with its employees to prevent any unauthorized disclosure or use of such trade secrets.

Defendant Glen Jenkins was employed by Plaintiff as the business manager of its Seward facility from 1985 until he resigned in April of 1988. In this capacity, Defendant Jenkins had access to all of Plaintiff's confidential and proprietary technical and business information at the Seward facility. Defendant Steven Siegele was employed by Plaintiff as a salesman and was assigned to the California territory until he resigned at the end of February of 1988. Plaintiff contends that Defendant Siegele's territory included Plaintiff's most important customers.

According to Plaintiff's amended complaint, Defendants Steven Siegele, Glen Jenkins, Frederick Siegele and Bernard McKeown collaborated to start a company that would directly compete with Plaintiff. This company became known as ADCS. The alleged collaboration took place at the time that Defendants Steven Siegele and Glen Jenkins were Plaintiff's employees. Plaintiff further alleges that Defendant Frederick Siegele and Defendant Bernard McKeown advanced money to develop ADCS. Frederick Siegele became the President and a director of ADCS, Glen Jenkins became an officer and a director of ADCS and Stephen Siegele, Frederick

1991 WL 294970 Page 2
**(Cite as: 1991 WL 294970 (N.D.Ill.))**

Siegele, Glen Jenkins and Bernard McKeown became stockholders in ADCS.

 *2 At the time ADCS was founded, Bernard McKeown was the president of Secodyne, Inc. and Frederick Siegele was a principal of Secodyne. Plaintiff contends that in order to facilitate the "start up" of ADCS, Bernard McKeown and Frederick Siegele provided Secodyne laboratory facilities to ADCS for its manufacturing operations. These defendants also allegedly arranged for Secodyne to pay for the purchase of ADCS supplies and to pay the only ADCS manufacturing employee.

 ADCS directly competes with Plaintiff in the manufacture and sale of ultra pure chemicals and equipment for the transport, storage and dispensing of such chemicals to the same customers as Plaintiff. Plaintiff's amended complaint alleges that ADCS began operations while Jenkins was still employed by Plaintiff. Moreover, Glen Jenkins and Stephen Siegele were involved in activities that were directly competitive with Plaintiff while Jenkins was still employed by Plaintiff. Finally, Plaintiff's amended complaint alleges that ADCS was incorporated in Illinois and its registered office was listed as Jenkins' address in Rockford, Illinois. Jenkins is now an employee of ADCS. Stephen Siegele, on the other hand, currently directs the sales efforts of ADCS and he is allegedly approaching the same California customers that he sold to on behalf of Plaintiff.

 Count I of Plaintiff's amended complaint alleges a cause of action for misappropriation of trade secrets. Plaintiff states that "on information and belief" Jenkins and Stephen Siegele, while employed by Plaintiff, collaborated with each other and with Frederick Siegele, Bernard McKeown and Secodyne. Plaintiff contends that these persons misappropriated Plaintiff's technical trade secrets relating to the development and transportation of chemicals, misappropriated business trade secrets relating to the identity of customers and misappropriated confidential and proprietary documents. These alleged acts of trade secret misappropriation are said to have been done for the benefit of ADCS and for the benefit of Glen Jenkins, Stephen Siegele, Frederick Siegele and Bernard McKeown.

 Count II of Plaintiff's amended complaint alleges a cause of action for breach of fiduciary duty and inducement to breach fiduciary duty. Count II contends that Jenkins and Stephen Siegele breached their duty of fidelity and loyalty to Plaintiff by misappropriating Plaintiff's trade secrets and using the trade secrets for their own benefit and for the benefit of ADCS. Jenkins and Stephen Siegele further breached their fiduciary duty by competing with Plaintiff, by inducing Plaintiff's employees to leave Plaintiff's employ and become associated with ADCS and by misappropriating and misusing Plaintiff's assets and facilities for their own benefit and for the benefit of ADCS. Finally, Count II alleges that ADCS, Frederick Siegele, Bernard McKeown and Secodyne colluded with and induced Jenkins and Stephen Siegele to commit the breaches of fiduciary duty and these persons benefitted from the breaches.

 *3 Count III of Plaintiff's amended complaint alleges a cause of action for unfair competition. Count III contends that the above described misappropriation and unauthorized use of Plaintiff's trade secrets and the inducement of such activity by Glen Jenkins, Stephen Siegele, Frederick Siegele, Bernard McKeown, ADCS and Secodyne constitute statutory and common law unfair competition.

 Defendant Secodyne (hereinafter "Defendant") has brought a motion to dismiss before this court. In support of its motion to dismiss, Defendant contends that Plaintiff's amended complaint fails to state a claim against Secodyne upon which relief can be granted. Specifically, Defendant asserts that Count I of Plaintiff's amended complaint must be dismissed because Plaintiff has not and cannot allege a prima facie case of misappropriation against Secodyne. Further, Count II must be dismissed because Count II is preempted, in large part, by the Illinois Trade Secrets Act. Defendant argues that Count II must also be dismissed and because it fails to allege any facts under which Secodyne could be held liable to Plaintiff. Finally, Count III must be dismissed because it fails to allege that Defendant competed with Plaintiff and is entirely preempted by the Illinois Trade Secrets Act.

*DISCUSSION*

 In analyzing a motion to dismiss, this court will not dismiss a complaint unless it is clear there are no set of facts that Plaintiff could prove consistent with the pleadings that would entitle it to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Conley v. Gibson,* 355 U.S. 41, 45- 46 (1957); *Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987); *Vaden v. Village of Maywood,* 809 F.2d 361, 363 (7th Cir.), *cert. denied,* 482 U.S. 908 (1987). The court will accept all well-pleaded factual allegations in the complaint as true. *Vaden,* 809 F.2d at 363; *Doe v. St. Joseph's Hosp. of Fort Wayne,* 788 F.2d 411, 414 (7th Cir.1986). In addition, this court will view the allegations in a light most favorable to the non-

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1991 WL 294970                                                                                                                      Page 3
**(Cite as: 1991 WL 294970 (N.D.Ill.))**

moving party. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied,* 470 U.S. 1054 (1985); *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).

Count I of Plaintiff's amended complaint alleges a cause of action for misappropriation of trade secrets. In Illinois, an action for trade secret misappropriation is governed by the Illinois Trade Secrets Act. Ill.Rev.Stat. ch. 140, para. 351 *et seq.* Under this Act, "misappropriation" is defined as:

(b)(1) acquisition of a trade secret of a person by another person who knows or has reason to know that the trade secret was acquired by improper means; or

(2) disclosure or use of a trade secret of a person without express or implied consent by another person who:

(A) used improper means to acquire knowledge of the trade secret; or

(B) at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was:

**\*4** (I) derived from or through a person who utilized improper means to acquire it;

(II) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(III) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(C) before a material change of position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Defendant argues that Plaintiff's amended complaint fails to allege the factual predicate for a misappropriation claim, that is, the acquisition, disclosure or use of a trade secret by Defendant.

Plaintiff's amended complaint alleges that ADCS's manufacturing operations were carried out at Defendant's facility by an employee who was paid by Defendant. The amended complaint further alleges that Glen Jenkins and Stephen Siegele, in collaboration with Fred Siegele, Bernard McKeown and Defendant misappropriated Plaintiff's trade secrets and that these acts of misappropriation were done in collaboration with and for the benefit of ADCS. Bernard McKeown was then the president of Defendant and Frederick Siegele was a principal of Defendant. Defendant's laboratory facilities were also provided to ADCS for manufacturing operations. Furthermore, Plaintiff's amended complaint alleges that Defendant paid for the purchase of supplies for ADCS and paid the salary of the only ADCS manufacturing employee.

Plaintiff fails to allege any kind of misconduct on the part of Defendant itself, other than the fact that two employees of Defendant misappropriated Plaintiff's trade secrets. No allegations are made, in Count I of Plaintiff's amended complaint, that Defendant competes with Plaintiff. Defendant is not even alleged to have benefited from the misappropriation.

Under general agency rules, a corporation will be vicariously liable for the acts of its employees when the acts are: (1) related to and committed within the course of employment; (2) committed in furtherance of the corporation; and (3) authorized or subsequently acquiesced by the corporation. *Liquid Air Corp. v. Rogers,* 834 F.2d 1297, 1306 (7th Cir.1987), *cert. denied,* --- U.S. ----, 109 S.Ct. 3241 (1989). Plaintiff has not alleged anything from which it could be inferred that Bernard McKeown or Frederick Siegele performed their alleged activities in the course or scope of their employment or that their alleged activities were related to their employment with Defendant. Plaintiff has also not alleged that the acts were committed in furtherance of the corporation. In fact, Plaintiff's amended complaint states that the alleged acts were for the benefit of McKeown and Siegele and for the benefit of ADCS. Finally, Plaintiff has not alleged that Defendant subsequently authorized or acquiesced in McKeown's and Siegele's behavior.

Plaintiff contends in its brief in opposition to Defendant's motion to dismiss that it is reasonable to infer from the fact that the president and another principal of Secodyne arranged to have Defendant's facilities made available to ADCS and arranged to have Defendant make payments for ADCS, that such acts were within the corporate authority of the president and principal of Defendant. The court disagrees. Liability should be imposed on a corporation when it is a perpetrator of the illegal activity but not when it is an unwitting conduit of its employees' actions. *See, e.g., D & S Auto Parts, Inc. v. Schwartz,* 838 F.2d 964, 967 (7th Cir.1988). *cert. denied,* 486 U.S. 1061 (1988). Simply because Defendant's principals allegedly engaged in illegal misconduct does not mean the principals acted within their corporate authority absent some express

1991 WL 294970 Page 4
**(Cite as: 1991 WL 294970 (N.D.Ill.))**

authorization or subsequent acquiescence from the corporation. No allegations are made that Defendant even knew about the alleged misappropriation. Moreover, as stated earlier, the corporation itself did not benefit or profit from the alleged misappropriation. Plaintiff's amended complaint clearly states that McKeown and Siegele acted for their own benefit and for the benefit of ADCS.

**\*5** The court recognizes that under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is not required to set forth detailed facts in support of each claim. Rather, a short, plain statement giving Defendant fair notice of what the claim is and the grounds upon which it rests is all that is required. *Conley v. Gibson,* 355 U.S. 41, 47 (1957). The court finds, however, that Plaintiff has not given Defendant fair notice of what the claim is or the grounds upon which the claim rests. Plaintiff has simply stated conclusory allegations in its amended complaint and has failed to link Defendant with any of the alleged wrongs that form the basis of Plaintiff's amended complaint. As a result, the court grants Defendant's motion to dismiss Count I of Plaintiff's amended complaint in relation to Defendant Secodyne.

The same problems exist in relation to Count II of Plaintiff's amended complaint. Count II alleges a claim against Defendant for inducing a breach of fiduciary duty. The only statement in Count II relating to Defendant Secodyne is as follows:

ADCS, Frederick Siegele, Bernard McKeown and Secodyne colluded with and induced Jenkins and Stephen Siegele to commit ... breaches of the fiduciary duty owed to Specialty Products and benefited from these breaches.

Plaintiff, again, has failed to allege anything from which it could be inferred that Defendant is liable for inducing the breach of a fiduciary duty. No facts are alleged that Defendant benefitted from or participated in the inducement. Accordingly, Defendant's motion to dismiss Count II of Plaintiff's amended complaint in relation to Defendant Secodyne is also granted.

Finally, Count III of Plaintiff's amended complaint alleges a cause of action for unfair competition. Count III is totally void of any allegations as to Defendant's competition with Plaintiff. Apparently, from the information provided to this court in Defendant's briefs, information that has gone uncontested by Plaintiff, Defendant does not compete with Plaintiff in any way. Accordingly, the court grants Defendant's motion to dismiss Count III of Plaintiff's amended complaint as to Defendant Secodyne.

*CONCLUSION*

For the reasons set forth herein, the court grants Defendant Secodyne's motion to dismiss Counts I, II and III of Plaintiff's amended complaint as those counts relate to Defendant Secodyne. Discovery conference set before Magistrate Judge P. Michael Mahoney for August 16, 1991 at 2:00 p.m. stands as set.

1991 WL 294970, 1991 WL 294970 (N.D.Ill.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works