Not Reported in F.Supp.2d                                                                 Page 1
2002 Copr.L.Dec. P 28,510
**(Cite as: 2002 WL 31358991 (S.D.N.Y.))**

United States District Court,
S.D. New York.

YURMAN DESIGN INC., Plaintiff,
v.
CHAINDOM ENTERPRISES, INC., and Shieler Trading Corporation, Defendants.

**No. 99 Civ. 9307(JFK).**

Sept. 30, 2002.

Copyright holder brought action against competitor for copyright infringement. Competitor filed counterclaims, alleging that holder's copyright of bracelet was invalid and unenforceable, and that holder committed fraud by failing to disclose allegedly derivative nature of its additional designs of bracelet. On holder's motion to dismiss counterclaims for failure to state claim, and to dismiss or strike competitor's affirmative defenses, the District Court, Keenan, J., held that: (1) competitor, in asserting fraud-based affirmative defenses to copyright infringement action, did not plead fraud with requisite particularity, and thus defenses would be stricken; (2) holder affixed proper copyright notice to its work when it was published, and thus copyright registration was valid; (3) holder did not commit fraud on Copyright Office by not disclosing information that "D.Y.," its source identifier, was not registered trademark of its design at time of application for copyright; and (4) holder did not commit fraud by failing to disclose to Copyright Office the allegedly derivative nature of its additional designs of bracelet, which it had previously copyrighted, when it applied for copyrights for new designs.

Motion granted.

West Headnotes

**[1] Copyrights and Intellectual Property** 82
99k82

**[1] Federal Civil Procedure** 636
170Ak636

Competitor, in asserting fraud-based affirmative defenses to copyright infringement action by copyright holder, did not plead fraud with requisite particularity, and thus defenses would be stricken.

Fed.Rules Civ.Proc.Rule 9(b), 12(f), 28 U.S.C.A.

**[2] Copyrights and Intellectual Property** 50.1(2)
99k50.1(2)

Copyright holder affixed proper copyright notice to its work when it was published, and thus copyright registration was valid; source identifier, which was initials "D.Y.," was recognizable to purchasing audience of holder, and more detailed identifier would not have affected their recognition of holder's work in marketplace.

**[3] Copyrights and Intellectual Property** 50.20
99k50.20

Copyright holder did not commit fraud on Copyright Office by not disclosing information that "D.Y.," its source identifier, was not registered trademark of its design at time of application for copyright, absent evidence that Copyright Office would have rejected application had it known it was not registered trademark.

**[4] Copyrights and Intellectual Property** 50.20
99k50.20

Copyright holder did not commit fraud by failing to disclose to Copyright Office the allegedly derivative nature of its additional designs of bracelet, which it had previously copyrighted, when it applied for copyrights for new designs; copyright applicants were not required to disclose that their works were derived from other works they had created.

Salans Hertzfeld Heilbronn Christy & Viener, New York, New York, Maxim H. Waldbaum, Lori D. Greendorfer, for Plaintiff, of counsel.

Cooper & Dunham LLP, New York, New York, Robert D. Katz, Robert T. Maldonado, for Defendant Chaindom Enterprises, Inc., of counsel.

Wade, Clark, Mulcahy, New York, New York, Dennis M. Wade, Suzanne O'Keefe, for Defendant Shieler Trading Corporation, of counsel.

*OPINION AND ORDER*

KEENAN, J.

Not Reported in F.Supp.2d                                                                                                    Page 2
2002 Copr.L.Dec. P 28,510
**(Cite as: 2002 WL 31358991 (S.D.N.Y.))**

**\*1** Plaintiff Yurman Design Inc. ("Yurman") moves pursuant to Rules 9(b), 12(f), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss or strike defendant Chaindom Enterprises, Inc.'s ("Chaindom") first and second counterclaims, [FN1] and second, sixth and eighth affirmative defenses. For the reasons outlined below, plaintiff's motion is granted.

> FN1. Plaintiff had also argued that the second counterclaim should be dismissed for lack of standing because there is no case or controversy in connection with Registration No. V Au 405-161 ("David Yurman 1993 Collection"). Chaindom stipulates to the dismissal of Registration No. VAu 405-161 from its affirmative defenses and second counterclaim.

*Background*

The factual background of this case has been set out in great detail in previous opinions of this Court with which familiarity is assumed. *See Yurman Design Inc. v. Chaindom Enterprises, Inc.,* No. 99 Civ. 9307, 2001 WL 725291 (S.D.N.Y., June 27, 2001); *Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99 Civ. 9307, 2000 WL 897141 (S.D.N.Y. July 5, 2000); *Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99 Civ. 9307, 1999 WL 1075942 (S.D.N.Y. Nov.29, 1999), *aff'd,* --- F.3d ----, 2001 WL 138376 (2d Cir. Feb.15, 2001). As a result, only the facts relevant to this motion will be restated.

Yurman brought this copyright infringement action alleging that defendants infringed the design of several of its bracelets. On November 29, 1999, this Court granted Yurman's petition for a preliminary injunction enjoining defendants from the manufacture and sale of the bracelets at issue.

Yurman now moves to dismiss or strike Chaindom's first and second counterclaims, and second, sixth and eighth affirmative defenses. Plaintiff contends that these affirmative defenses are virtually identical to those this Court dismissed in July 2000. *See Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99 Civ. 9307, 2000 WL 897141 (S.D.N.Y. July 5, 2000). In that decision, this Court granted Yurman's motion to strike Chaindom's eighth and ninth affirmative defenses which alleged that the copyright registration was fraudulently obtained. Those defenses were dismissed under Rule 9(b) for failure to plead the affirmative defenses with the requisite particularity for a fraud claim. Plaintiff argues that again the affirmative defenses here fail to specify any facts supporting a claim for fraud on the Copyright Office and should be stricken under the law of the case doctrine.

In the alternative, plaintiff argues that the defenses should be stricken under Fed.R.Civ.P. 12(f) on the basis of legal insufficiency because there are no legal or factual issues to be resolved. Finally, plaintiff argues that it will be prejudiced by including these defenses because of the expense and delay entailed in litigating them.

*Discussion*
A. *Law of the case doctrine*

Under the law of the case doctrine, Yurman argues that these defenses should be struck as they are nearly identical to those this Court dismissed in July 2000. In that decision, the Court dismissed Chaindom's eighth and ninth affirmative defenses under Rule 9(b) for failure to plead the defenses with particularity the way in which the copyright registration was fraudulently obtained. Those defenses failed to specify the statements that Defendants maintain were fraudulent or to explain why the statements were fraudulent. Plaintiff argues that again these defenses fail to specify any facts supporting a claim for fraud on the Copyright Office.

**\*2** Under the law of the case doctrine, once a court decides a rule of law, that decision should govern in later stages of the same case. *Steinfeld v. Marks,* No. 96 Civ. 0552, 1997 WL 563340, at \*2 (S.D.N.Y. Sept. 8, 1997). It is in the court's discretion to apply the doctrine. *Id.*

Chaindom's language in the defenses is virtually identical and arguably broader by the use of the language "one or more" copyright registrations. The defenses do not allege the fraud with more particularity as required. Juxtaposing them most easily demonstrates their similarity:

```
----------------------------------------------------------------
July 2000                                         Present case
----------------------------------------------------------------
```

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                                    Page 3
2002 Copr.L.Dec. P 28,510
**(Cite as: 2002 WL 31358991 (S.D.N.Y.))**

```
Eighth affirmative defense:         Sixth Affirmative defense:
"Upon information and belief,       "Plaintiff's claims are barred
the copyright registration set      by the doctrine of unclean
forth herein was fraudulently       hands by reason of plaintiff's

obtained in that the plaintiff      failure to disclose material
is neither author nor owner of      information to the United
the work which is the subject       States Copyright Office as set
of said registration."              forth in Chaindom's
                                    counterclaims." Am. Ans. ¶ 38.
------------------------------------------------------------
Ninth affirmative defense:          Eighth affirmative defense:
"Upon information and belief,       "Upon information and belief,
the copyright registration set      the copyright registrations
forth herein as fraudulently        asserted herein were
obtained in that the plaintiff      fraudulently obtained in that
did not represent that the          the plaintiff provided false
work was a derivative of a          factual information to the
previously authored work."          Copyright Office and did not
                                    represent that the works were
                                    derivative works, as described
                                    in Chaindom's counterclaims,
                                    infra." Am. Ans. ¶ 40.
------------------------------------------------------------
```

Alternatively, Yurman argues that these defenses independently do not meet the requirements of Rule 9(b). Plaintiff argues that again these defenses fail to specify any facts supporting a claim for fraud on the Copyright Office.

[1] Defendants must plead their affirmative defenses alleging fraud with the particularity required by Fed.R.Civ.P. 9(b). *See* Park & Lexington 25th Street Corp. v. Federal Ins. Co., No. 93 Civ. 6939, 1995 WL 217552, *1 (S.D.N.Y. Apr.13, 1995); Telectronics Proprietary, Ltd. v. Medtronic, Inc., 687 F.Supp. 832, 841 (S.D.N.Y.1988). Rule 9(b) provides: "In all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." To state a claim with the required particularity, a complaint "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *See* Stevelman v. Alias Research Inc., 174 F.3d 79, 84 (2d Cir.1999) (citation omitted). Although Rule 9(b) also provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally," the Second Circuit has established that plaintiffs must nonetheless "allege facts that give rise to a strong inference of fraudulent intent." *See* Chill v. General Elec. Co., 101 F.3d 263, 266 (2d Cir.1996) (citation omitted).

 **\*3** Under Rule 9(b), these defenses do not independently plead fraud with the requisite particularity. Independent of their similarity to the previously dismissed defenses, these defenses warrant dismissal for their insufficiency.

Chaindom correctly note that the issue here is not whether they will be successful on their claims but whether their pleadings are sufficient to proceed. The Court finds that the evidence will not prove sufficient on these claims nor do they meet the necessary pleading requirements.

Under Fed.R.Civ.P. 12(f), the Court in its discretion or "upon the court's own initiative at any time" may order stricken from any pleading "any insufficient defense." *See* Fed. R. Civ. P 12(f). Therefore, Chaindom's second, sixth and eight affirmative defenses are stricken. Chaindom's failure to allege these defenses with more particularity after being afforded a second opportunity to do so weighs in favor of dismissal. The Court will not grant Chaindom leave to replead.

B. *Motion to dismiss*

Yurman moves to dismiss Chaindom's first and second counterclaims. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Cooper v. Parsky,* 140

F.3d 433, 440 (2d Cir.1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The factual allegations set forth in the complaint must be accepted as true, *see Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), and the court must draw all reasonable inferences in favor of plaintiff. *See Thomas v. City of New York,* 143 F.3d 31, 36 (2d Cir.1998). The issue on a motion to dismiss "is not whether ... plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (citation omitted). Nevertheless, the complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory. *See Connolly v. Havens,* 763 F.Supp. 6, 9 (S.D.N.Y.1991).

1. First Counterclaim

[2] In its Amended Answer, Chaindom asserts in its first counterclaim the invalidity and unenforceability of the copyright registration for bracelet B4027. Chaindom claims that Yurman failed to affix a proper copyright notice to its work when it was published in 1985. Chaindom claims that this failure invalidates the copyright registration and places bracelet B4027 in the public domain. Chaindom claims that "the initials "D.Y." were not an abbreviation by which the plaintiff could be recognized in 1985." Am. Ans. ¶ 61.

Chaindom also claims that Yurman committed fraud on the Copyright Office by presenting false factual statements to the Office regarding its notice by not claiming David Yurman as its source identifier. Chaindom alleges that Yurman misrepresented to the Copyright office that "D.Y." was a source identifier for Yurman Design in 1985.

*4 The Court finds that it defies common sense not to recognize the initials "D.Y." as a source identifier for David Yurman. D.Y. is a registered trademark of Yurman Design and is used in Yurman's advertising. *See* Greendorfer. Aff. ¶ 4. The purchasing audience of Yurman would have recognized the initials. A more detailed identifier would not have affected the buyers' recognition of Yurman's work in the marketplace.

[3] Further, a claim of fraud on the Copyright Office requires a showing that: "(1) the registrant intentionally and deliberately omitted information from the copyright application in question; and (2) that the Copyright Office probably would have rejected the application had the omitted information been disclosed." *O.T. Pickell Builders, Inc. v. Witowski,* No. 96 Civ. 4233, 1998 WL 664949, at *5 (N.D.Ill. Sept. 16, 1998). There is no proof that even if Yurman had intentionally omitted the information that "D.Y." was not a registered trademark of Yurman design at the time of the application the Copyright Office would have rejected the application. This omission falls under the umbrella of innocent mistake more than that of evil intent.

Therefore, Chaindom's first counterclaim is dismissed.

2. Second Counterclaim

[4] In its second counterclaim, Chaindom claims that Yurman committed fraud by failing to disclose the allegedly derivative nature of its additional designs from bracelet B4027. Chaindom claims that the differences in the design of the B4157, B4260 and B4995 bracelets, and bracelet B4027, are "de minimis, constitute no more than trivial variations, and fail to meet the minimal threshold for originality established by the Copyright Act." Am. Ans ¶ 71. This argument rests on the false premise that a copyright applicant must disclose that its work is derived from another work the applicant has created. A work will be considered a derivative work only if it would be considered an infringing work if the material that it has derived from a pre-existing work had been taken without the consent of the copyright proprietor of such pre- existing work. *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.,* 155 F.Supp.2d 1, 24 n. 37 (S.D.N.Y.2001), (citing 1 Nimmer on Copyright § 3.01 (1986)), *aff'd in part on other grounds,* 277 F.3d 253, 2002 WL 46950 (2d Cir. Jan. 14.2002). Whether properly copyrighted or in the public domain, bracelet B4027 was undisputedly designed by Yurman. Therefore, even if Yurman derived the additional designs from B4027 the works would not be infringing works. *See, e.g., Gund, Inc. v. Swank, Inc.,* 673 F.Supp. 1233 (S.D.N.Y.1987) (finding that failure to identify a work as derivative in a copyright application where the original work was "the subject of a separate Gund copyright and thus not in the public domain," did not invalidate the copyright).

Accordingly, Chaindom's second counterclaim is dismissed.

*Conclusion*

For the reasons stated above, Yurman's motion to

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
2002 Copr.L.Dec. P 28,510  
**(Cite as: 2002 WL 31358991 (S.D.N.Y.))**

Page 5

dismiss Chaindom's second, sixth and eighth affirmative defenses is granted. Yurman's motion to dismiss Chaindom's first and second counterclaims is granted.

**\*5** SO ORDERED.

2002 WL 31358991 (S.D.N.Y.), 2002 Copr.L.Dec. P 28,510

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works