IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PRACTICEWORKS, INC., et al., | ) Civil No.: JFM 02 CV 1206 |
| Plaintiffs | ) |
| v. | ) |
| DENTAL MEDICAL AUTOMATION, INC., | ) |
| Defendant. | ) |
| AND | ) |
| PRACTICEWORKS, INC., et al., | ) Civil No.: JFM 02 CV 1205 |
| Plaintiffs | ) |
| v. | ) |
| PROFESSIONAL SOFTWARE SOLUTIONS OF ILLINOIS, INC., | ) |
| Defendant. | ) |

### AFFIDAVIT OF ROBERT J. CHAISSON

County of Porter        )
                        ) ss:
State of Indiana        )

**Robert J. Chaisson**, being duly sworn, deposes and says:

1) I was the Director of Sales and Marketing for Plaintiffs' and their predecessors-in-interest from November, 1997 to July, 2001. As such, I am fully familiar with the facts set forth in this affidavit.


EXHIBIT D

2) Plaintiffs did not tightly control the dissemination of copies of Softdent. For example, I am familiar with the contracts entered into between Plaintiffs and Defendants. Those contracts included a provision that provided that Softdent products would only be shipped upon receipt by Plaintiffs of a completed Product Registration Form. Contrary to this contract provision, Plaintiffs routinely shipped Softdent products without a product registration form first being completed by dealers or end-users. End-users needed only to place an order and pay for Softdent products to complete the purchase and be shipped Softdent products.

3) Plaintiffs did not distinguish between potential end-users of the Softdent product and, in fact, knowingly and routinely sold Softdent products to virtually anyone who wanted to buy the product. While the main thrust of Plaintiffs' business was to sell Softdent products to dentists, oral surgeons or orthodontists, there was no requirement that the ultimate end-user be a dentist, oral surgeon or orthodontist, or work for a dental or orthodontic practice. As only one of numerous examples, in April of 1999, Plaintiffs knowingly sold a multi-user Softdent product package to Permanent Eyeliners Plus, Inc. of Indianapolis, IN. To my knowledge, no one who owned or worked at Permanent Eyeliners Plus, Inc. was a dentist, oral surgeon or orthodontist. In addition, Plaintiffs knowingly sold Softdent products to schools, hospitals and prisons.

4) Plaintiffs knew of and did not prohibit non-dentist, non-dealer independent service providers from providing Softdent technical support and service to Softdent owners and/or licensees.

5) As Director of Sales and Marketing, I was intimately involved in the promotion of Softdent products. Again, while the main thrust of Plaintiffs' business was to sell Softdent products to dentists, oral surgeons or orthodontists, I never received a directive from my superiors nor did I ever issue one that the sale and distribution of Softdent products was to be only to dentists, oral surgeons or orthodontists.

6) Moreover, I never received a directive from my superiors nor did I ever issue one that the sale and distribution of Softdent products could not be made to Softdent dealers. In fact, there were numerous known instances when such sales were made.

7) Plaintiffs have knowingly allowed third parties who were not Dealers to provide technical support and service for Softdent products.

Robert J. Chaisson Jr.

Subscribed and sworn to before me this 26th day of March, 2004.

Lynda A. Anderson
Notary Public

LYNDA S. ANDERSON
Porter County
My Commission Expires
March 28, 2010

My commission expires on 3-28-2010