**EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PRACTICEWORKS, INC., et al., | ) | |
| | ) | Civil Action No. |
| Plaintiffs/Counter-Defendants, | ) | JFM 02 CV 1205 |
| | ) | |
| v. | ) | |
| | ) | |
| PROFESSIONAL SOFTWARE SOLUTIONS | ) | |
| OF ILLINOIS, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

_____

| | | |
|---|---|---|
| PRACTICEWORKS, INC., et al., | ) | |
| | ) | Civil Action No. |
| Plaintiffs/Counter-Defendants, | ) | JFM 02 CV 1206 |
| | ) | |
| v. | ) | |
| | ) | |
| DENTAL MEDICAL AUTOMATION, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

### NOTICE OF TAKING DEPOSITION OF AL FIORE

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN, in accordance with Rule 30 of the Federal Rules

of Civil Procedure that Defendants PROFESSIONAL SOFTWARE SOLUTIONS OF

ILLINOIS, INC. and DENTAL MEDICAL AUTOMATION, INC. (hereinafter

collectively referred to as "Defendants") will take the discovery deposition of Al Fiore,

Vice President of Marketing and Corporate Development (hereinafter referred to as

"FIORI") of Plaintiffs PracticeWorks, Inc. and SoftDent LLC (collectively "Plaintiffs")

commencing on _____, 2004 at _____ a.m./p.m. at _____,

located at _____, or at such time, date and place as may

subsequently be agreed upon by counsel.

FIORI is hereby requested and required, pursuant to Rule 30 to testify on behalf

of Plaintiffs on, including but not limited to, the following matters:

1.      The factual basis for each and every allegation FIORE made against

Defendants in the reply affidavit in further support of Plaintiffs' Motion for Partial

Summary Judgment granting their amended third, fourth, fifth and sixth counts and for

Partial Summary Judgment, to dismiss, or, in the alternative, for Partial Summary

Judgment on the Pleadings as to Defendants' fifth, seventh, eighth, ninth, tenth, eleventh,

twelfth, thirteenth, and PSSI's fourteenth Amended Counterclaims and Affirmative

Defenses.

2.      The factual basis for FIORE's allegation that Plaintiffs tightly control

dissemination of copies of Software, making sure that each one is specifically ordered on

behalf of a registered End-User.

3.      The factual basis for FIORE's understanding that, during the term of the

Agreements, SoftDent did not require all dealers, including Defendants, to complete and

forward to it a "Purchase Registration Form," also known as an "Order Form", the factual

basis that the Form identified the name and address of the End-user and the SoftDent

product(s) being purchased by that End-User, and further the factual basis for the

allegation that the Purchase Registration or Order Form would trigger SoftDent's

shipment of the Software to Defendants for re-sale to third-party end-users, thus making

it unlikely that the Form would be disregarded by Plaintiffs and/or End-Users.

4.      FIORE's knowledge of the customer database for the Software sold by
Plaintiffs from approximately 1993 through June 18, 2004 in all geographic territories,
including but not limited to any and all sales of Software to educational institutions,
corrections facilities, eye-care facilities, and any non-dental practice offices.

5.      FIORE's knowledge of the customer database for the Software sold by
Plaintiffs from approximately 1993 through present in all geographic territories,
including but not limited to any and all sales of Software to educational institutions,
corrections facilities, eye-care facilities, and any non-dental practice offices, in which the
sale of the Software was made without a license.

6.      The factual basis for FIORE's allegations that Defendants' rights with
respect to the Software fall squarely within the Agreements.

7.      The factual basis for FIORE's allegations that all copies of the Software
that Plaintiffs sold to Defendants were sold pursuant to the terms and conditions of the
Agreements and intended solely for re-sale to genuine third party end-users in
Defendants' respective geographic territories.

8.      The factual basis for FIORE's allegations that in addition to selling the
Software to Defendants at a discount, Plaintiffs also gave them complimentary copies of
the Software during the terms of the Agreements, and further the factual basis for the
allegation that the Software, whether sold or given free of charge to Defendants, was
furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by
Defendants to genuine end-users or used by Defendants as value-added resellers.

9.      The factual basis for FIORE's allegation that an End-User uses the
Software for its intended purposes, which is to facilitate office management (most

commonly for dentists), and not for the commercial purpose of providing technical support and service.

10.    The factual basis for FIORE's allegation that Plaintiffs have entered into agreements, for full and valuable consideration, with authorized computer network integrators, also known as Network Solution Providers (NSP's), who assist SoftDent end-users with the loading, configuration and integration of the Software into multi-computer networks.

11.    The factual basis for FIORE's allegation that NSP's are furnished with authorized copies of the Software for the sole purpose of their performing systems integration work, and further that these NSP's are not authorized either to sell the Software or to provide technical support thereof to end-users.

12.    The factual basis for FIORE's allegation that the overwhelming majority of education institutions that have purchased the Software did so for use in dental hygiene or dental assistants' program, and further support for the allegation that the correctional institutions that have purchased the Software did so for their dental clinics.

13.    The factual basis for FIORE's allegation that in addition to the 15,000 dentists, orthodontists, oral surgeons and educational institutions to whom Plaintiffs sold the SoftDent Software, Defendants may have sold the Software to an eye care facility, and that Plaintiffs' allegedly tightly controlled dissemination of the Software.

14.    The factual basis for FIORE's allegation that trade secrets are included within the bundle of rights Plaintiffs seek to shield from disclosure, and the allegation that the use and operation of the Software also is included therein.

The deposition shall be taken upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer authorized to administer oaths by the laws of the United States or the place where the examination is held, shall be recorded stenographically, and shall continue from day to day between the hours of 9:00 a.m. and 5:00 p.m. until completed.

Counsel for Plaintiffs is invited to attend and cross-examine.

Dated:

Respectfully submitted,

By:

_____
One of their Attorneys

Lead Counsel (Pro Hac Vice):
Mark E. Wiemelt (06208213)
LAW OFFICES OF MARK E. WIEMELT, P.C.
10 S. LaSalle St., Ste. 3500
Chicago, Illinois  60603
(312) 372-7664

Local Counsel:
John M.G. Murphy
Ober, Kaler, Grimes & Shriver
120 E. Baltimore Street
Baltimore, MD 21202-1643
(410) 347-7334