# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PRACTICEWORKS, INC., et al., | ) Civil No.: JFM 02 CV 1205 |
|                 Plaintiffs | ) |
| V. | ) |
| PROFESSIONAL SOFTWARE SOLUTIONS OF ILLINOIS, INC., | ) |
|                 Defendant. | ) |
| AND | ) |
| PRACTICEWORKS, INC., et al., | ) Civil No.: JFM 02 CV 1206 |
|                 Plaintiffs | ) |
| V. | ) |
| DENTAL MEDICAL AUTOMATION, INC., | ) |
|                 Defendant. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO CONTINUE THE JUNE 17, 2004 HEARING, MODIFY THE STAY OF DISCOVERY ORDER, COMPEL RULE 56(F) DISCOVERY, AND FOR LEAVE TO FILE A SUR REPLY**

LAW OFFICES OF MARK E. WIEMELT, P.C.
10 S. LaSalle St., Ste. 3500
Chicago, Illinois 60603

OBER, KALER, GRIMES & SHRIVER
120 E. Baltimore Street
Baltimore, MD 21202-1643

Counsel for Defendants/Counter-Plaintiffs
Dental Medical Automation, Inc. and Professional Software Solutions, of Illinois, Inc.

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................. ii

**TABLE OF AUTHORITIES** ............................................................................................ iii

**Preliminary Statement** ..................................................................................................... 1

**ARGUMENT** ..................................................................................................................... 3

   **I. Summary Judgment Should Only Be Considered After There** ......................................... 3
   **Has Been Adequate Time For Discovery** ............................................................................ 3

   **II. Defendants Request Meets The Requirements of Rule 56 (f)** ........................................ 8
   **and, Therefore, Their Motion Must Be Granted** ................................................................. 8

      **1. Defendants Seek Rule 56(f) discovery to obtain facts through a deposition and request for production of documents relating to issues raised in Mr. Fiori's Reply Affidavit so that they can resist plaintiffs' Motion for Summary Judgment and Dismissal** ........................................................................................................................ 9

      **2. Facts gathered through the requested Rule 56(f) discovery are reasonably expected to create a genuine issue of material fact.** ...................................................................... 9

   **III. Defendants Must Permitted to File A Sur Reply** ........................................................ 15
   **After Rule 56(f) Discovery Is Completed** ......................................................................... 15

**Conclusion** ...................................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986);........................................3
*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)..........................3
*Good v. Ohio Edison Co.*, 149 F.3d 413 (6th Cir.1998) ................................................................8
*Gurary v. Winehouse,* 190 F.3d 37 (2nd Cir. 1999) ......................................................................9
*Nguyen v. CNA Corp.*, 44 F.3d 234 (4th. Cir. 1995) .....................................................................3
*Oatman v. Potter*, 2004 WL 68537 (6th Cir. 2004)........................................................................3
*Temkin v. Frederick County Comm'rs,* 945 F.2d 716 (4th Cir.1991), cert. denied, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992) .................................................................................3
*VISA Int'l Serv. Assoc. v. Bankcard Holders of America*, 784 F.2d 1472 (9th Cir.1986) .............4
*Wallin v. Norman*, 317 F.3d 558 (6th Cir. 2003)...........................................................................8
*White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229 (6th Cir.1994)..................................3

**Rules**

*Fed. R. Civ. P.* 56(c) ......................................................................................................................3
*Fed. R. Civ. P.* 56(f) ............................................................................................................. passim

**Preliminary Statement**

That Defendants are forced to file this motion is telling. It is telling in that Plaintiffs have acknowledged the weakness in their case by feeling it necessary to bolster their motion for summary judgment and dismissal with a May 28, 2004 Reply Memorandum; evidently the motion and supporting memorandum were not good enough. It is also telling that the Reply Memorandum was supported by yet another affidavit by Mr. Fiori. Apparently eager to say anything, this affidavit presents new facts and arguments not presented in Plaintiffs' original motion and supporting Memorandum.

Accordingly, Defendants are unable to move forward with the evidence they have since the target keeps moving. Moreover, all the fits and fury offered by Plaintiffs in trying to force this motion serve only to underscore the fact that Plaintiffs' motion is, at worse, ill-advised, and, at best, premature.

Prior to agreeing to a stay of discovery and a briefing schedule for dispositive motions, we were all told at the beginning of this matter that Plaintiffs' case would be presented based upon copyright issues, principally the Plaintiffs' license agreements for its software. Operating under the assumption that a license would be made part of informal discovery or at the very least as part of a dispositive motion, Defendants' counsel agreed to stay discovery solely because Plaintiffs had made it known that their claims of copyright infringement against Defendants would be based in part on license agreements. To date, Plaintiffs have produced no license binding Defendants, despite Defendants' repeated requests to do so.

During the December 4, 2003 Hearing, Plaintiffs' counsel stated: "[t]here was discussion about exchanging licenses, and that was part and parcel of actually going through informal discovery. We would give them documents, they would give us documents, with a contemplated

dispositive motion on the copyrighted motion being made to the Court." (Hearing, 12/4/2003, p. 10)  Defendants' counsel during the same hearing made the court well aware of his understanding that Plaintiffs' copyright infringement claims would be based primarily on a purported license agreement.  (Hearing, 12/4/2003, p. 6)

> Originally, when we were talking about the copyright counts, counsel told me. . . that their copyright infringement counts are going to be based on some licenses or some agreements that were being used in connection with the software that my clients were subject to.  I asked for copies of those licenses or agreements at that point.  I didn't receive them.
> After we had a status conference August 1st, we agreed to allow me a month to review our position with respect to the support and service issue.  The next day I spoke to counsel and sent a confirming letter where they agreed that they would send me those licenses or agreements that they thought provided in part the basis for their copyright infringement count.  They did not send me those licenses or agreements.
> Then on August 26th, they admitted they didn't send them because those licenses or agreements, of which we still don't have a copy of, were never used in my client's territories.

(Hearing, 12/4/2003, p. 6)

After admitting that the licenses do not exist, Plaintiffs had to look for another angle.  After having gone through several iterations, Plaintiffs' then began to rely heavily on the alleged Purchase Registration Form to support their position (no forms were attached to their motion or their Memorandum).  For that matter, these elusive forms have *never* been made of record.  The registration forms proving to be an elusive problem, Plaintiffs' case has now morphed into one in which they argue that the Agreement between Plaintiffs and Defendants rules everything, even these items about which it is silent, with the copyright laws thrown in for good measure.

Plaintiffs' action of only now changing the focus of their case to a reliance on the Agreement and copyright laws, is not only evidence that their copyright infringement has no merit, but also their ill intent in deceiving Defendants' counsel into agreeing to stay all discovery.

For these reasons, Defendants now find themselves in the position having to move this court to continue the June 17, 2004 Hearing, modify the Order for Stay of Discovery to provide for *Fed. R. Civ. P.* 56(f) discovery, permit the Rule 56(f) deposition of affiant Al Fiori and Production of related documents, and for leave to file a Sur-Reply following the completion of Rule 56(f) discovery.

## ARGUMENT

### I. Summary Judgment Should Only Be Considered After There Has Been Adequate Time For Discovery

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(c). The requirement that the non-moving party respond specifically to a summary judgment motion is qualified by Rule 56(f)'s requirement that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5 (1986) ; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (noting that summary judgment is appropriate only "after adequate time for discovery"); *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th. Cir. 1995); *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 719 (4th Cir.1991), cert. denied, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992) . Summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. *Oatman v. Potter*, 2004 WL 68537 (6th Cir. 2004) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir.1994) ). The denial of a Rule 56(f) motion is reviewed under an abuse of discretion standard. *VISA Int'l Serv. Assoc.*

*v. Bankcard Holders of America*, 784 F.2d 1472, 1475 (9th Cir.1986) .

Here, there has been no opportunity for discovery of the matters first raised by Plaintiffs' Reply and supporting Fiori affidavit.  The Parties agreed to stay discovery pending the Plaintiffs' purported filing of a dispositive motion on its copyright counts based upon a license agreement; a license agreement that Plaintiffs have since admitted does not exist.

Defendants are also now faced with a new affidavit by Mr. Al Fiori which interjects new facts into Plaintiffs' arguments.  As attested to by the Affidavit of Mr. Mark Wiemelt, an attorney for Defendants (attached hereto as Exhibit "A"), Mr. Fiori's Reply Affidavit has raised at least the following facts to which Defendants cannot completely and fairly respond owing to the lack of discovery in this matter:

1)  Plaintiffs tightly controlled dissemination of copies of Software, making sure that each one is specifically ordered on behalf of a registered End-User.

2)  Mr. Fiori's understanding that, during the term of the Agreements, SoftDent did require all dealers, including Defendants, to complete and forward to it a "Purchase Registration Form," also known as an "Order Form", the factual basis that the Form identified the name and address of the End-user and the SoftDent product(s) being purchased by that End-User, and further cannot present by affidavits facts that justify the opposition to the factual basis for the allegation that the Purchase Registration or Order Form would trigger SoftDent's shipment of the Software to Defendants for re-sale to third-party end-users, thus making it unlikely that the Form would be disregarded by Plaintiffs and/or End-Users.

3)  Mr. Fiori's knowledge of the customer database for the Software sold by Plaintiffs from approximately 1993 through June 18, 2004 in all geographic territories, including but not

4

limited to any and all sales of Software to educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices.

4) Mr. Fiori's knowledge of the customer database for the Software sold by Plaintiffs from approximately 1993 through present in all geographic territories, including but not limited to any and all sales of Software to educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices, in which the sale of the Software was made without a license.

5) Mr. Fiori's statements that all copies of the Software that Plaintiffs sold to Defendants were sold pursuant to the terms and conditions of the Agreements and intended solely for re-sale to genuine third party end-users in Defendants' respective geographic territories.

6) Mr. Fiori's statements that in addition to selling the Software to Defendants at a discount, Plaintiffs also gave them complimentary copies of the Software during the terms of the Agreements, and further cannot present by affidavits or other evidence facts that justify the opposition to the factual basis for the allegation that the Software, whether sold or given free of charge to Defendants, was furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by Defendants to genuine end-users or used by Defendants as value-added resellers.

7) Mr. Fiori's statements that an End-User uses the Software for its intended purposes, which is to facilitate office management (most commonly for dentists), and not for the commercial purpose of providing technical support and service.

8) Mr. Fiori's statements that Plaintiffs have entered into agreements, for full and valuable consideration, with authorized computer network integrators, also known as Network

Solution Providers (NSP's), who assist SoftDent end-users with the loading, configuration and integration of the Software into multi-computer networks.

9) Mr. Fiori's statements that NSP's are furnished with authorized copies of the Software for the sole purpose of their performing systems integration work, and further cannot present by affidavits facts that justify the opposition to the allegation that these NSP's are not authorized either to sell the Software or to provide technical support thereof to end-users.

10) Mr. Fiori's statements that the overwhelming majority of education institutions that have purchased the Software did so for use in dental hygiene or dental assistants' program, and further cannot present by affidavits or other evidence facts that justify the opposition to the allegation that the correctional institutions that have purchased the Software did so for their dental clinics.

11) Mr. Fiori's statements that in addition to the 15,000 dentists, orthodontists, oral surgeons and educational institutions to which Plaintiffs sold the SoftDent Software, Defendants may have sold the Software to an eye care facility, and that Plaintiffs' allegedly tightly controlled dissemination of the Software.

12) Mr. Fiori's statements that trade secrets are included within the bundle of rights Plaintiffs seek to shield from disclosure, and cannot present by affidavits or other evidence facts that justify the opposition to the allegation that the use and operation of the Software also is included therein.

Further, Mr. Fiori's Reply Affidavit raises issues for which documents must now be reviewed. As also attested to by Mr. Mark Wiemelt, Defendants do not have access to or possession of:

1) Any agreements referred to within the Reply Affidavit that Plaintiffs have agreements with authorized computer network integrators, also known as Network Solution Providers (NSP's), who assist SoftDent end-users with the loading, configuration and integration of the Software into multi-computer networks and cannot present by affidavit or other evidence facts that justify opposition to those agreements.

2) Databases or customer databases for the Software sold by Plaintiffs from approximately 1993 through present in all geographic territories, including but not limited to any and all sales of Software to dentists, orthodontists, oral surgeons, educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices.

3) "Purchase Registration Forms" or "Order Forms" referred within the Reply Affidavit and Plaintiffs should produce all "Purchase Registration Forms" or "Order Forms" for all purchasers of the Software.

4) Relevant sales documents, including but not limited to order forms, purchase orders, purchase order acknowledgements and shipping documents for each delivery of SoftDent product ever disseminated by Plaintiffs or their predecessors.

5) Documents describing procedures for the dissemination of SoftDent product.

6) End-user registration forms for any and all SoftDent product disseminated by Plaintiffs or their predecessors.

7) Product registration forms for every SoftDent product shipped by Plaintiffs or their predecessors.

8) Shipping documents or other documents regarding the shipment of SoftDent to End-users.

9) Defendants Documents regarding SoftDent product shipping procedures.

10)  Copies of any and all Dealer Agreements entered into with Dealers other than Defendants.

11)  Documents that expressly provide that SoftDent product, whether sold or given free of charge to Defendants, was furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by Defendants to genuine end-users or used by Defendants as value-added resellers.

Defendants submit that they have not been afforded the opportunity to discover information that is essential to their opposition of Plaintiffs' motion as it is now presented. Accordingly, Defendants respectfully move this court to continue the currently schedule June 17, 2004 Hearing, modify the existing order staying discovery to the limited extent necessary to enable Defendants to depose Mr. Fiori regarding issues sworn to in his Reply Affidavit and obtain related documents for review prior to his deposition as authorized by Rule 56(f).

## II.  Defendants' Request Meets The Requirements of Rule 56 (f) and, Therefore, Their Motion Must Be Granted

Federal Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Thus, before a summary judgment motion is decided, a non-movant must file an affidavit pursuant to Fed.R.Civ.P. 56(f) that details the discovery needed, or file a motion for additional discovery. *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003)  (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir.1998) ).  To satisfy the requirements of Rule 56(f), a party must

8

submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts. *Gurary v. Winehouse,* 190 F.3d 37, 43 (2nd Cir. 1999).

**1. Defendants Seek Rule 56(f) discovery to obtain facts through a deposition and request for production of documents relating to issues raised in Mr. Fiori's Reply Affidavit so that they can resist plaintiffs' Motion for Summary Judgment and Dismissal**

Defendants have neither had the opportunity to engage in any discovery nor have they been able to obtain the necessary facts due to the current order staying discovery. Mr. Fiori's Reply Affidavit brings forth new facts which Defendants cannot completely and fairly counter without discovery. Accordingly, Defendants respectfully request this Court grant them Rule 56(f) discovery in the form of a deposition of Mr. Fiori and document production of documents related to that affidavit. Defendants seek discovery of the information outlined in Mr. Wiemelt's Affidavit (Exhibit "A") and reprinted here for the Court's convenience (the numbering is kept consistent with that found in Mr. Wiemelt's Affidavit):

6) Without the discovery requested in the accompanying motion, Defendants cannot completely and fairly present by affidavit or other evidence facts that justify the opposition to FIORE's allegation that Plaintiffs tightly control dissemination of copies of Software, making sure that each one is specifically ordered on behalf of a registered End-User.

7) Defendants cannot completely and fairly present by affidavits or other evidence facts that justify the opposition to FIORE's understanding that, during the term of the Agreements, SoftDent did require all dealers, including Defendants, to complete and forward to it a "Purchase Registration Form," also known as an "Order Form", the factual basis that the Form identified

the name and address of the End-user and the SoftDent product(s) being purchased by that End-User, and further cannot completely and fairly present by affidavits facts that justify the opposition to the factual basis for the allegation that the Purchase Registration or Order Form would trigger SoftDent's shipment of the Software to Defendants for re-sale to third-party end-users, thus making it unlikely that the Form would be disregarded by Plaintiffs and/or End-Users.

8) Defendants cannot present by affidavits facts that justify the opposition to FIORE's knowledge of the customer database for the Software sold by Plaintiffs from approximately 1993 through June 18, 2004 in all geographic territories, including but not limited to any and all sales of Software to educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices.

9) Defendants cannot present by affidavits facts that justify the opposition to FIORE's knowledge of the customer database for the Software sold by Plaintiffs from approximately 1993 through present in all geographic territories, including but not limited to any and all sales of Software to educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices, in which the sale of the Software was made without a license.

10) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegations that all copies of the Software that Plaintiffs sold to Defendants were sold pursuant to the terms and conditions of the Agreements and intended solely for re-sale to genuine third party end-users in Defendants' respective geographic territories.

11) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegations that in addition to selling the Software to Defendants at a discount, Plaintiffs also gave them complimentary copies of the Software during the terms of the

Agreements, and further cannot present by affidavits or other evidence facts that justify the opposition to the factual basis for the allegation that the Software, whether sold or given free of charge to Defendants, was furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by Defendants to genuine end-users or used by Defendants as value-added resellers.

12) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that an End-User uses the Software for its intended purposes, which is to facilitate office management (most commonly for dentists), and not for the commercial purpose of providing technical support and service.

13) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that Plaintiffs have entered into agreements, for full and valuable consideration, with authorized computer network integrators, also known as Network Solution Providers (NSP's), who assist SoftDent end-users with the loading, configuration and integration of the Software into multi-computer networks.

14) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that NSP's are furnished with authorized copies of the Software for the sole purpose of their performing systems integration work, and further cannot present by affidavits facts that justify the opposition to the allegation that these NSP's are not authorized either to sell the Software or to provide technical support thereof to end-users.

15) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that the overwhelming majority of education institutions that have purchased the Software did so for use in dental hygiene or dental assistants' program, and further cannot present by affidavits or other evidence facts that justify the opposition to the

allegation that the correctional institutions that have purchased the Software did so for their dental clinics.

16) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that in addition to the 15,000 dentists, orthodontists, oral surgeons and educational institutions to whom Plaintiffs sold the SoftDent Software, Defendants may have sold the Software to an eye care facility, and that Plaintiffs' allegedly tightly controlled dissemination of the Software.

17) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that trade secrets are included within the bundle of rights Plaintiffs seek to shield from disclosure, and cannot present by affidavits or other evidence facts that justify the opposition to the allegation that the use and operation of the Software also is included therein.

18) Defendants do not have in possession any agreements referred to within the Reply Affidavit that Plaintiffs have agreements with authorized computer network integrators, also known as Network Solution Providers (NSP's), who assist SoftDent end-users with the loading, configuration and integration of the Software into multi-computer networks and cannot present by affidavit or other evidence facts that justify opposition to those agreements.

19) Defendants have not been afforded the opportunity to examine the customer database referred within the Reply Affidavit and should be allowed to examine those databases as well as customer databases for the Software sold by Plaintiffs from approximately 1993 through present in all geographic territories, including but not limited to any and all sales of Software to dentists, orthodontists, oral surgeons, educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices.

20) Defendants have not been afforded the opportunity to examine the "Purchase Registration Forms" or "Order Forms" referred within the Reply Affidavit and Plaintiffs should produce all "Purchase Registration Forms" or "Order Forms" for all purchasers of the Software.

21) Defendants have not been afforded the opportunity to examine relevant sales documents, including but not limited to order forms, purchase orders, purchase order acknowledgements and shipping documents for each delivery of SoftDent product ever disseminated by Plaintiffs or their predecessors.

22) Defendants have not been afforded the opportunity to examine documents describing procedures for the dissemination of SoftDent product.

23) Defendants have not been afforded the opportunity to examine End-user registration forms for any and all SoftDent product disseminated by Plaintiffs or their predecessors.

24) Defendants have not been afforded the opportunity to examine product registration forms for every SoftDent product shipped by Plaintiffs or their predecessors.

25) Defendants have not been afforded the opportunity to examine shipping documents or other documents regarding the shipment of SoftDent to End-users.

26) Defendants have not been afforded the opportunity to examine documents regarding SoftDent product shipping procedures.

27) Defendants have not been afforded the opportunity to examine Copies of any and all Dealer Agreements entered into with Dealers other than Defendants.

28) Defendants have not been afforded the opportunity to examine documents that expressly provide that SoftDent product, whether sold or given free of charge to Defendants, was furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by Defendants to genuine end-users or used by Defendants as value-added resellers.

**2. Facts gathered through the requested Rule 56(f) discovery are reasonably expected to create a genuine issue of material fact.**

The requested discovery is reasonably expected to create the following genuine issues of material fact:

1) Plaintiffs did not tightly control dissemination of copies of Software, making sure that each one is specifically ordered on behalf of a registered End-User.

2) Plaintiffs' did not require all dealers, including Defendants, to complete and forward to it a "Purchase Registration Form," also known as an "Order Form", the factual basis that the Form identified the name and address of the End-user and the SoftDent product(s) being purchased by that End-User, and further cannot present by affidavits facts that justify the opposition to the factual basis for the allegation that the Purchase Registration or Order Form would trigger SoftDent's shipment of the Software to Defendants for re-sale to third-party end-users, thus making it unlikely that the Form would be disregarded by Plaintiffs and/or End-Users.

3) Plaintiffs sold or disseminated SoftDent software to non-dentists, non-orthodontists, non-oral surgeons beyond the admitted to educational institutions, corrections facilities, eye-care facilities, and non-dental practice offices.

4) Copies of the Software that Plaintiffs sold to Defendants were not sold pursuant to the terms and conditions of the Agreements and not intended solely for re-sale to genuine third party end-users in Defendants' respective geographic territories.

5) Complimentary copies of the Software given to Defendants during the terms of the Agreements whether sold or given free of charge to Defendants, were not furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by Defendants to genuine end-users or used by Defendants as value-added resellers.

14

6) That the Software's intended purposes is more than facilitating office management.

7) That the overwhelming majority of education institutions that have purchased the Software did not do so for use in dental hygiene or dental assistants' program, or that correctional institutions that have purchased the Software did so for their dental clinics.

8) That in addition to the 15,000 dentists, orthodontists, oral surgeons and educational institutions to whom Plaintiffs sold the SoftDent Software, Defendants sold the Software to many more non-dental professional than an eye care facility.

9) That no trade secrets are included within the bundle of rights Plaintiffs seek to shield from disclosure, and cannot present by affidavits or other evidence facts that justify the opposition to the allegation that the use and operation of the Software also is included therein.

10) That Plaintiffs' did not require "Purchase Registration Forms" or "Order Forms" for software before it would be shipped or otherwise disseminated.

**3. Defendants have not been able to obtain the necessary facts due to an Order Staying Discovery**

Discovery was stayed early in this matter before the pleadings were amended. Accordingly, Defendants have been unable to undertake any efforts to obtain facts necessary to rebut the issues now raised by Mr. Fiori's Affidavit.

### III.  Defendants Must Permitted to File A Sur Reply After Rule 56(f) Discovery Is Completed

Defendants respectfully suggest that after Rule 56(f) discovery is completed, they should then be permitted to file a Sur Reply to Plaintiffs' Reply Memorandum in order to present the facts garnered during Rule 56(f) discovery.

**Conclusion**

For the reasons set forth above and supported by the Affidavit of Mark E. Wiemelt, Defendants respectfully move this honorable court to continue the presently scheduled June 17, 2004 Hearing on Plaintiffs motion for partial summary judgment of their amended third, fourth, fifth and sixth counts and for partial summary judgment, to dismiss, or, in the alternative, and for judgment on the pleadings as to defendants' fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth and pssi's fourteenth amended counterclaims and affirmative defense, modify the existing order staying discovery to permit the limited discovery of a deposition of Al Fiori and a document request for documents related to that deposition, order Rule 56(f) discovery, and grant leave to file a Sur Reply pending the outcome of the Rule 56(f) discovery.

Dated: June 14, 2004

Respectfully submitted,

By:

_____

One of their Attorneys

Lead Counsel (Pro Hac Vice):
Mark E. Wiemelt (06208213)
LAW OFFICES OF MARK E. WIEMELT, P.C.
10 S. LaSalle St., Ste. 3500
Chicago, Illinois  60603
(312) 372-7664

Local Counsel:
John M.G. Murphy
Ober, Kaler, Grimes & Shriver
120 E. Baltimore Street
Baltimore, MD 21202-1643
(410) 347-7334