EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PRACTICEWORKS, INC., et al., | ) Civil No.: JFM 02 CV 1205 |
| Plaintiffs | ) |
| v. | ) |
| PROFESSIONAL SOFTWARE SOLUTIONS OF ILLINOIS, INC., | ) |
| Defendant. | ) |
| AND | ) |
| PRACTICEWORKS, INC., et al., | ) Civil No.: JFM 02 CV 1206 |
| Plaintiffs | ) |
| v. | ) |
| DENTAL MEDICAL AUTOMATION, INC., | ) |
| Defendant. | ) |

**AFFIDAVIT OF MARK E. WIEMELT**

County of Cook)
           ) ss:
State of Illinois )

**Mark E. Wiemelt**, being duly sworn, deposes and says:

1) I am an attorney of record for Defendant Dental Medical Automation, Inc. and Defendant Professional Software Solutions of Illinois, Inc. (hereinafter collectively referred to as "Defendants"). As such, I am fully familiar with the facts set forth in this affidavit.

2) I respectfully submit this affidavit in support of Defendants' Motion to Continue the June 17, 2004 Hearing, modify the Order for Stay of Discovery to

provide for Rule 56(f) discovery, permit the Rule 56(f) deposition of affiant Al Fiori and Production of related documents, and for leave to file a Sur Reply following the completion of Rule 56(f) discovery.

3) On May 28, 2004, Plaintiffs' submitted a Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Partial Summary Judgment granting their amended third, fourth, fifth and sixth counts and for Partial Summary Judgment, to dismiss, or, in the alternative, for Partial Summary Judgment on the Pleadings as to Defendants' fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and PSSI's fourteenth Amended Counterclaims and Affirmative Defenses (hereinafter referred to as "Plaintiffs' Motion").

4) Attached to the May 28, 2004 Reply Memorandum was the Reply Affidavit of Al Fiore in further support of Plaintiffs' Motion. (hereinafter referred to as "Reply Affidavit").

5) The Reply Affidavit alleges new facts, refers to new documents, and raises new arguments in support of Plaintiffs' Motion which Defendants cannot present by affidavit facts essential to justify the Defendants' opposition.

6) Without the discovery requested in the accompanying motion, Defendants cannot completely and fairly present by affidavit or other evidence facts that justify the opposition to FIORE's allegation that Plaintiffs tightly control dissemination of copies of Software, making sure that each one is specifically ordered on behalf of a registered End-User.

7) Defendants cannot completely and fairly present by affidavits or other evidence facts that justify the opposition to FIORE's understanding that, during the term of the Agreements, SoftDent did require all dealers, including

Defendants, to complete and forward to it a "Purchase Registration Form," also known as an "Order Form", the factual basis that the Form identified the name and address of the End-user and the SoftDent product(s) being purchased by that End-User, and further cannot completely and fairly present by affidavits facts that justify the opposition to the factual basis for the allegation that the Purchase Registration or Order Form would trigger SoftDent's shipment of the Software to Defendants for re-sale to third-party end-users, thus making it unlikely that the Form would be disregarded by Plaintiffs and/or End-Users.

8) Defendants cannot present by affidavits facts that justify the opposition to FIORE's knowledge of the customer database for the Software sold by Plaintiffs from approximately 1993 through June 18, 2004 in all geographic territories, including but not limited to any and all sales of Software to educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices.

9) Defendants cannot present by affidavits facts that justify the opposition to FIORE's knowledge of the customer database for the Software sold by Plaintiffs from approximately 1993 through present in all geographic territories, including but not limited to any and all sales of Software to educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices, in which the sale of the Software was made without a license.

10) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegations that all copies of the Software that Plaintiffs sold to Defendants were sold pursuant to the terms and conditions

of the Agreements and intended solely for re-sale to genuine third party end-users in Defendants' respective geographic territories.

11) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegations that in addition to selling the Software to Defendants at a discount, Plaintiffs also gave them complimentary copies of the Software during the terms of the Agreements, and further cannot present by affidavits or other evidence facts that justify the opposition to the factual basis for the allegation that the Software, whether sold or given free of charge to Defendants, was furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by Defendants to genuine end-users or used by Defendants as value-added resellers.

12) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that an End-User uses the Software for its intended purposes, which is to facilitate office management (most commonly for dentists), and not for the commercial purpose of providing technical support and service.

13) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that Plaintiffs have entered into agreements, for full and valuable consideration, with authorized computer network integrators, also known as Network Solution Providers (NSP's), who assist SoftDent end-users with the loading, configuration and integration of the Software into multi-computer networks.

14) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that NSP's are furnished with

authorized copies of the Software for the sole purpose of their performing systems integration work, and further cannot present by affidavits facts that justify the opposition to the allegation that these NSP's are not authorized either to sell the Software or to provide technical support thereof to end-users.

15) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that the overwhelming majority of education institutions that have purchased the Software did so for use in dental hygiene or dental assistants' program, and further cannot present by affidavits or other evidence facts that justify the opposition to the allegation that the correctional institutions that have purchased the Software did so for their dental clinics.

16) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that in addition to the 15,000 dentists, orthodontists, oral surgeons and educational institutions to whom Plaintiffs sold the SoftDent Software, Defendants may have sold the Software to an eye care facility, and that Plaintiffs' allegedly tightly controlled dissemination of the Software.

17) Defendants cannot completely and fairly present by affidavits facts that justify the opposition to FIORE's allegation that trade secrets are included within the bundle of rights Plaintiffs seek to shield from disclosure, and cannot present by affidavits or other evidence facts that justify the opposition to the allegation that the use and operation of the Software also is included therein.

18) Defendants do not have in possession any agreements referred to within the Reply Affidavit that Plaintiffs have agreements with authorized

computer network integrators, also known as Network Solution Providers (NSP's), who assist SoftDent end-users with the loading, configuration and integration of the Software into multi-computer networks and cannot present by affidavit or other evidence facts that justify opposition to those agreements.

19) Defendants have not been afforded the opportunity to examine the customer database referred within the Reply Affidavit and should be allowed to examine those databases as well as customer databases for the Software sold by Plaintiffs from approximately 1993 through present in all geographic territories, including but not limited to any and all sales of Software to dentists, orthodontists, oral surgeons, educational institutions, corrections facilities, eye-care facilities, and any non-dental practice offices.

20) Defendants have not been afforded the opportunity to examine the "Purchase Registration Forms" or "Order Forms" referred within the Reply Affidavit and Plaintiffs should produce all "Purchase Registration Forms" or "Order Forms" for all purchasers of the Software.

21) Defendants have not been afforded the opportunity to examine relevant sales documents, including but not limited to order forms, purchase orders, purchase order acknowledgements and shipping documents for each delivery of SoftDent product ever disseminated by Plaintiffs or their predecessors.

22) Defendants have not been afforded the opportunity to examine documents describing procedures for the dissemination of SoftDent product.

23) Defendants have not been afforded the opportunity to examine End-user registration forms for any and all SoftDent product disseminated by Plaintiffs or their predecessors.

24) Defendants have not been afforded the opportunity to examine product registration forms for every SoftDent product shipped by Plaintiffs or their predecessors.

25) Defendants have not been afforded the opportunity to examine shipping documents or other documents regarding the shipment of SoftDent to End-users.

26) Defendants have not been afforded the opportunity to examine documents regarding SoftDent product shipping procedures.

27) Defendants have not been afforded the opportunity to examine Copies of any and all Dealer Agreements entered into with Dealers other than Defendants.

28) Defendants have not been afforded the opportunity to examine documents that expressly provide that SoftDent product, whether sold or given free of charge to Defendants, was furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by Defendants to genuine end-users or used by Defendants as value-added resellers.

29) Defendants have neither had the opportunity to adequately engage in any discovery nor have they been able to obtain the necessary facts due to the current order staying discovery.

30) Facts gathered by deposing Mr. Fiori and reviewing the requested supporting documents are reasonably expected to create genuine issues of material fact by enabling Defendants to present facts in direct contradiction to the new facts and other evidence introduced by the Reply Affidavit, including but not limited to:

A) Plaintiffs did not tightly control dissemination of copies of Software, making sure that each one is specifically ordered on behalf of a registered End-User.

B) Plaintiffs' did not require all dealers, including Defendants, to complete and forward to it a "Purchase Registration Form," also known as an "Order Form", the factual basis that the Form identified the name and address of the End-user and the SoftDent product(s) being purchased by that End-User, and further cannot present by affidavits facts that justify the opposition to the factual basis for the allegation that the Purchase Registration or Order Form would trigger SoftDent's shipment of the Software to Defendants for re-sale to third-party end-users, thus making it unlikely that the Form would be disregarded by Plaintiffs and/or End-Users.

C) Plaintiffs sold or disseminated SoftDent software to non-dentists, non-orthodontists, non-oral surgeons beyond the admitted to educational institutions, corrections facilities, eye-care facilities, and non-dental practice offices.

D) Copies of the Software that Plaintiffs sold to Defendants were not sold pursuant to the terms and conditions of the Agreements and not intended solely for re-sale to genuine third party end-users in Defendants' respective geographic territories.

E) Complimentary copies of the Software given to Defendants during the terms of the Agreements whether sold or given free of charge to Defendants, were not furnished pursuant to the terms of the Agreements, i.e., that it either would be re-sold by Defendants to genuine end-users or used by Defendants as value-added resellers.

F) That the Software's intended purposes is more than facilitating office management.

G) That the overwhelming majority of education institutions that have purchased the Software did not do so for use in dental hygiene or dental assistants' program, or that correctional institutions that have purchased the Software did so for their dental clinics.

H) That in addition to the 15,000 dentists, orthodontists, oral surgeons and educational institutions to whom Plaintiffs sold the SoftDent Software, Defendants sold the Software to many more non-dental professional than an eye care facility.

I) That no trade secrets are included within the bundle of rights Plaintiffs seek to shield from disclosure, and cannot present by affidavits or other evidence facts that justify the opposition to the allegation that the use and operation of the Software also is included therein.

J) That Plaintiffs' did not require "Purchase Registration Forms" or "Order Forms" for software before it would be shipped or otherwise disemmentated.

31) The stay of discovery should be modified to the limited extent necessary to allow discovery to be taken pursuant to Fed. R. Civ. P. 56(f) for a discovery deposition of Al Fiore regarding the contents of the Reply Affidavit in

the form of requests to produce documents supporting or referred to in the Reply Affidavit.

Further Affiant sayeth naught.

                                                 Mark E. Wiemelt

Subscribed and sworn to before me this _14_ day of _June_, 2004.

_____
Notary Public

My commission expires on _____.

"OFFICIAL SEAL"
STANLEY D. SCHWARTZ
Notary Public, State of Illinois
My Commission Expires 06/18/07