

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 office   212.940.8776 fax

June 15, 2004

**MICHAEL S. GORDON**
michael.gordon@kmzr.com
212.940.6666   212.894.5966 fax

**By Electronic Filing**

Honorable J. Frederick Motz
United States District Judge
District of Maryland
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland  21201

Re:  (1)  PracticeWorks, Inc., et al. v. Professional Software
          Solutions of Illinois, Inc., Civil No. JFM-02-1205

     (2)  Practice Works, Inc., et al. v. Dental Medical
          Automation, Inc., Civil No. JFM-02-1206

Dear Judge Motz:

  We represent Plaintiffs, PracticeWorks, Inc. and SoftDent, LLC ("Plaintiffs") in the above-referenced matters.  We write in strong opposition to the belated attempt by Defendants, Professional Software Solutions of Illinois, Inc. and Dental Medical Automation, Inc. ("Defendants")—*eighteen months* into a jointly agreed-upon discovery stay, *four months* after Plaintiffs filed their Motion ("Plaintiffs' Motion"), and *more than two weeks* after Plaintiffs submitted their reply papers in further support thereof—to abort this Friday's hearing on the purported ground that discovery is needed to oppose Plaintiffs' Motion under Fed. R. Civ. P 56(f).

  Defendants' eleventh-hour application should be rejected because their feigned issues of "fact" have no bearing whatsoever on the core legal issues before the Court:  whether Defendants have breached their dealership agreements (the "Agreements") with Plaintiffs by failing to return the Software to Plaintiffs, and further have infringed SoftDent's copyrights by using the Software for the commercial purpose of providing technical support to third parties.  Likewise, Defendants' purported need for discovery cannot impact on that branch of Plaintiffs' Motion to Dismiss, which is solely directed to Defendants' Counterclaims.

  The primary basis for Defendants' last-minute application—set forth in the affidavit of a non-party, their attorney—is that Plaintiffs' reply papers contain "new facts," "new documents" and "new arguments" (Affidavit of Mark Wiemelt, sworn to June 14, 2004 ("Wiemelt Aff.") at ¶ 5).  However, in their reply brief and reply affidavit submitted on May 28, Plaintiffs merely responded to the "fact" issues raised by Defendants in their fifty-page opposition brief and two 18-page affidavits.  In some instances, Plaintiffs agreed with Defendants and in others, disagreed, with the caveat that such disagreements neither were material nor relevant because, even if Defendants were correct as to these "disputed" ancillary fact issues, Plaintiffs still are entitled to judgment in their favor.

  While Defendants have mined Plaintiffs' reply papers for every conceivable "fact" issue that might afford them the interim relief they seek, Defendants have failed to explain how these fact issues are, in any way, linked or *essential* (as required under Rule 56(f)) to the core technical support issue at the

Chicago  New York  Los Angeles  Washington, DC  Charlotte  Palo Alto  Newark  www.kmzr.com

*A Law Partnership including Professional Corporations*

22197835.02

Honorable J. Frederick Motz
June 15, 2004
Page 2



heart of Plaintiffs' Motion. Indeed, as Plaintiffs argued in their reply brief, Defendants' feigned issues of "fact"—*i.e.*, that Plaintiffs: (i) did not tightly control the dissemination of the Software, (ii) did not use a Purchase Registration Form, (iii) sold the Software to "non-dentists," such as schools and prisons, and/or (iv) sold the Software without a license—even if all true, do not preclude summary judgment in Plaintiffs' favor on their breach of contract and copyright infringement claims. Simply put, Defendants have not returned the Software to Plaintiffs as they were required to do under the Agreements and are engaging in unauthorized copying of the Software in breach of the Agreements and in violation of SoftDent's copyright.

In the same vein, the Court should reject Defendants' purported justification for their last-minute request for relief from their own Stipulation staying discovery, pending the disposition of Plaintiffs' Motion. To this end, Defendants' counsel contends that he "[o]perat[ed] under the assumption that a [copyright] license would be made part of informal discovery or at the very least as part of a dispositive motion" and that he agreed to a stay of discovery "solely because Plaintiffs had made it known that their claims of copyright infringement . . . would be based in part on license agreements." (Def. Memo at 1). First, copyright licenses are not, and never have been, at issue either on the instant Motion or in Plaintiffs' First Amended Complaint. Indeed, as far back as August 2003, Plaintiffs disclosed to Defendants the possibility that some of the Software at issue may have been sold without a license, and, in fact, Plaintiffs' Fifth Amended Count for copyright infringement interposed in October 2003 is predicated on the Copyright Act and the Agreements *only*, and makes no reference to any copyright license(s). Tellingly, Defendants never made an issue as to the absence of copyright "licenses": (i) in October 2003 when Plaintiffs filed their First Amended Complaint; (ii) in February 2004 when Plaintiffs sought summary judgment on their Fifth Amended Count for copyright infringement; nor (iii) in April 2004 when Defendants opposed Plaintiffs' Motion.

For all of the foregoing reasons, the Court should see Defendants' request for what it is: a last-minute ploy to derail Friday's hearing to uncover "facts" which have no bearing on the disposition of Plaintiffs' Motion for Summary Judgment and are outside the Court's inquiry on Plaintiffs' Motion to Dismiss. Accordingly, Plaintiffs respectfully request that the Court deny Defendants' untimely and improper application and proceed with the hearing on Friday, as scheduled.

Respectfully submitted,

/s/ Michael S. Gordon

Michael S. Gordon

MSG:dmp

cc: Howard E. Cotton (Plaintiffs' counsel)
    Mark E. Wiemelt, Esq. (Defendants' counsel)
    John M.G. Murphy, Esq. (Defendants' counsel)

22197835.02