**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
------------------------------------------x
                                          )
PRACTICEWORKS, INC., et al.,              )
                                          )
                    Plaintiffs            )   Civil No.: JFM 02 CV 1205
                                          )
      - against -                         )
                                          )   Hon. J. Frederick Motz
PROFESSIONAL SOFTWARE SOLUTIONS           )
OF ILLINOIS, INC.,                        )
                                          )
                    Defendant.            )
------------------------------------------x
------------------------------------------x
                                          )
PRACTICEWORKS, INC., et al.,              )
                                          )
                    Plaintiffs            )   Civil No.: JFM 02 CV 1206
                                          )
      - against -                         )
                                          )   Hon. J. Frederick Motz
DENTAL MEDICAL AUTOMATION, INC.,          )
                                          )
                    Defendant.            )
------------------------------------------x
```

**CONSENT JUDGMENT FOR
INJUNCTION AGAINST DEFENDANTS**

This Consent Judgment for Injunction Against Defendants ("Consent Judgment") is made and entered into as of December 22, 2004, between Plaintiffs PracticeWorks, Inc. and SoftDent LLC (collectively, "Plaintiffs"), and Defendants Professional Software Solutions of Illinois, Inc. and Dental Medical Automation, Inc. (collectively "Defendants") (collectively "Parties").

WHEREAS, the Parties had entered into dealership agreements between January 1993 and December 2002 that granted Defendants an exclusive dealership to re-sell or distribute

"Products," as that term was defined in such dealership agreements, including a dental management software program known as the SoftDent® Dental Management System, and any related products, derivative works, modules, updates, upgrades, enhancements and the accompanying documentation (collectively, the "SoftDent Software"), within specified zip code ranges located throughout Illinois and Ohio (the "Agreements");

WHEREAS, on April 8, 2002, Plaintiff SoftDent sent a letter to both Defendants informing them that Plaintiffs were terminating the Agreements in nine months, effective as of December 31, 2002, and that the Agreements would not be renewed for the term commencing January 1, 2003;

WHEREAS, on April 10, 2002, Plaintiffs filed two actions in the United States District Court for the District of Maryland entitled PracticeWorks, Inc. and SoftDent, LLC v. Professional Software Solutions of Illinois, Inc., Civil No. JFM-02-1205, and entitled PracticeWorks, Inc. and SoftDent, LLC v. Dental Medical Automation, Inc., Civil No. JFM-02-1206 (the "Actions");

WHEREAS, in the Actions, Plaintiffs sought, *inter alia*, a declaration that they had properly terminated the Agreements on reasonable notice and Defendants filed numerous counterclaims;

WHEREAS, on January 7, 2003, the Court granted Plaintiffs' motion for partial summary judgment, holding, *inter alia*, that Plaintiffs had lawfully terminated the Agreements on reasonable notice (the "1/7/03 Decision and Order");

WHEREAS, notwithstanding the Court's decision, the Parties disagreed as to whether Defendants could continue using the SoftDent Software in providing technical support and service to third-party customers;

2

81337963_10

WHEREAS, on February 21, 2003, the Court clarified its 1/7/03 Decision and Order and held that Defendants could provide post-termination technical support and service of the SoftDent Software "provided, of course, that relevant materials were returned [to Plaintiffs] and not used";

WHEREAS, notwithstanding the Court's clarification, the Parties could not agree on the relevant materials to be returned and whether Defendants could continue to use the SoftDent Software to provide technical support and service to third parties;

WHEREAS, on June 23, 2004, the Court granted Plaintiffs' second motion for partial summary judgment, holding that Defendants' use of the SoftDent Software to provide technical support and service to third parties after the Agreements had been terminated constituted a breach of the Agreements as well as infringement of SoftDent's copyrights, and further ordered that Defendants are "prohibited from using" the SoftDent Software to provide technical support ("the 6/23/04 Decision and Order");

WHEREFORE, the parties having represented to the Court that they have entered into a Settlement Agreement dated December __, 2004 settling these matters, the Parties hereby consent that:

(a) IT IS ADJUDGED that, Defendants are required to deliver immediately to Plaintiffs all Products, including copies of the SoftDent Software, in any form whatsoever, including screenshots (*i.e.*, documents capturing the screen of any application of the SoftDent Software), as well as sentinels, which SoftDent Software includes all copies of the following works protected by the following Certificate of Copyright Registration Nos., that are in the possession, power, custody, or control of Defendants; their officers, including, without limitation, Lawrence Eyer and Jeffrey Suglio; their directors; agents; and/or employees:

81337963_10

   (1) SoftDent v. 6.25 (TX 2-817-208);

   (2) SoftDent v. 7.25 (TX 3-590-481);

   (3) SoftDent v. 7.35 (TX 3-849-100);

   (4) SoftDent v. 7.45 (TX 4-023-631);

   (5) SoftDent v. 7.7 (TX 4-745-797);

   (6) SoftDent v. 9.7 (TX 5-790-350);

   (7) SoftDent v. 9.8 (TX 5-789-503); and

   (8) SoftDent v. 10.0 (TX 5-947-127).

Defendants relinquish all rights, title and interest in and to all Products, including the SoftDent Software, in any form whatsoever, and sentinels that are the subject of this settlement, and agree that all such materials shall be released to Plaintiffs and disposed of or retained by Plaintiffs as they deem appropriate;

  (b) IT IS ADJUDGED that, Defendants are permanently enjoined and restrained from selling, renting, marketing, manufacturing, leasing, distributing, subscribing or otherwise disposing of, or making any other sale or distribution of the SoftDent Software and other works now or hereafter protected by copyrights related to the SoftDent Software;

  (c) IT IS ADJUDGED that, Defendants are permanently enjoined and restrained from using, copying (as that term is defined in the Copyright Act), and/or duplicating the SoftDent Software for any external, commercial purpose, including, without limitation, the provision of technical support and/or service, including training; preparing derivative works based on any or all of the SoftDent Software; using the SoftDent Software to create a data conversion program and/or using a data conversion program that uses, copies, and/or duplicates the SoftDent Software; reverse engineering and/or making any other use of the SoftDent

Software and other works now or hereafter protected by copyrights related to the SoftDent Software;

(d) IT IS ADJUDGED that, except as otherwise provided in the Settlement Agreement, Defendants are permanently enjoined and restrained from providing any telephonic, on-site or other form of technical support and/or service, including training, of the SoftDent Software and other works now or hereafter protected by copyrights related to the SoftDent Software;

(e) IT IS ADJUDGED that, Defendants are permanently enjoined and restrained from representing, stating, advertising, and/or in any other way communicating to third parties that Defendants are authorized by, certified by, sanctioned by, affiliated with in any way, providing services complementary to and/or working in collaboration with, Plaintiffs as sellers and/or providers of technical support and/or service, including training, of the Software and other works now or hereafter protected by copyrights related to the SoftDent Software;

(f) IT IS ADJUDGED that, Defendants are permanently enjoined and restrained from assisting, acting in concert with, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (e) above. Defendants shall not be in violation of this paragraph or paragraph (c) based on a data conversion performed by a customer or another—who neither is controlled by Defendants, acting, or purporting to act on Defendants' behalf and/or affiliated with Defendants, it being understood that any third-party entity who is not in control of, is not controlled by, and/or is not under common control with, either Defendant shall not be deemed to be an "affiliate" of that Defendant—from or on a computer containing an authorized copy of the SoftDent Software; and

(g)  Nothing contained herein shall prevent the making of a copy or adaptation of customers' SoftDent Software by Defendants: (i) for archival or backup purposes and/or to install a hardware backup system that is part of a system network, but not for the purpose of performing a data conversion; or (ii) solely by virtue of the activation of computer hardware that lawfully contains an authorized copy of the SoftDent Software, for purposes only of maintenance and repair of that computer hardware.

IT IS SO ADJUDGED.

DEFENDANTS:

PROFESSIONAL SOFTWARE
SOLUTIONS OF ILLINOIS, INC.:

DATED: December 27, 2004

By: Lawrence Eyer
Title: President

DENTAL MEDICAL
AUTOMATION, INC.:

DATED: December __, 2004

By: Jeffrey Suglio
Title: President

PLAINTIFFS:

PRACTICEWORKS, INC.

DATED: December 27, 2004

By: Al Fiore
Title: Vice President, Corporate Development

6

R1357963_10

(g) Nothing contained herein shall prevent the making of a copy or adaptation of customers' SoftDent Software by Defendants: (i) for archival or backup purposes and/or to install a hardware backup system that is part of a system network, but not for the purpose of performing a data conversion; or (ii) solely by virtue of the activation of computer hardware that lawfully contains an authorized copy of the SoftDent Software, for purposes only of maintenance and repair of that computer hardware.

IT IS SO ADJUDGED.

DEFENDANTS:

PROFESSIONAL SOFTWARE
SOLUTIONS OF ILLINOIS, INC.:

DATED: December ___, 2004

By: Lawrence Eyer
Title: President

DENTAL MEDICAL
AUTOMATION, INC.:

DATED: December 27, 2004

By: Jeffrey Anglin
Title: President

PLAINTIFFS:

PRACTICEWORKS, INC.

DATED: December 27 2004

By: Al Fiore
Title: Vice President, Corporate Development

6

#1337983_10

SOFTDENT LLC

DATED: December 21, 2004

By: Al Fiore
Title: Vice President, Corporate Development

ADJUDGED this _____ day of _____, 2004:

_____
Judge, United States District
For the District of Maryland